DESOUZA LAW OFFICES, a professional corporation
JACQUELINE DESOUZA, State Bar No.:133686
PAMELA F. ELLMAN, State Bar No.:164574
2397 Shattuck Avenue, Suite 202
Berkeley, CA 94704
Telephone:  (510) 649-3420
Facsimile:   (510) 649-1711

Attorneys for Defendant(s):
RWS  ENTERPRISES WHICH WILL DO BUSINESS
IN CALIFORNIA AS KIDDIE KANDIDS, INC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA -- OAKLAND

| | |
|---|---|
| JACQUELYN HARRIS, LORA MOTE, and COURTNEY COLIANNA, on behalf of themselves and all others similarly situated, | Case No.  C08-00852 EMC |
| | **NOTICE OF REMOVAL** |
| Plaintiffs, | |
| vs. | |
| RWS ENTERPRISES WHICH WILL DO BUSINESS IN CALIFORNIA AS KIDDIE KANDIDS, INC, and DOES 1 through 50, inclusive, | |
| Defendants. | |
| _____/ | |

TO THE CLERK OF COURT:

NOTICE IS HEREBY GIVEN THAT DEFENDANT RWS ENTERPRISES WHICH WILL DO

BUSINESS IN CALIFORNIA AS KIDDIE KANDIDS, INC ("RWS") hereby removes to this Court

the state court action described below:

1.   Written notice of the removal of this case has been filed with the Clerk of the Superior Court of

the State of California, Alameda County, and served on all adverse parties pursuant to 28 U.S.C.

§1446 subdivision (d).  A true and correct copy of the Notice of Removal filed in the Alameda County Superior Court, is attached hereto and incorporated herein as Exhibit A.

2.    On January 4, 2008, an action was commenced in the Superior Court of California, Alameda County, entitled *JACQUELYN HARRIS, LORA MOTE, and COURTNEY COLIANNA, on behalf of themselves and all others similarly situated vs. RWS ENTERPRISES WHICH WILL DO BUSINESS IN CALIFORNIA AS KIDDIE KANDIDS, INC, and DOES 1 through 50, inclusive*, Case No.: RG 08364316 (Complaint).   The Complaint and Summons were served on RWS on January 8, 2008, and the Complaint was the first pleading received by Defendant setting forth the claims for relief on which this action is based.  True and correct copies of the Complaint and Summons are attached hereto and incorporated herein as Exhibit B.  On February 5, 2008, RWS received fax notice of a complex designation hearing and case management conference.  The Alameda County Superior Court has issued Orders assigning the case for all purposes, setting a complex case designation hearing for March 7, and a case management conference for April 7, 2008.  True and correct copies of these Orders are attached as Exhibit C.  A copy of Defendant's Answer filed contemporaneously herewith is attached hereto as Exhibit D.

3.    At the time the Complaint was filed, as well as at the time this Notice of Removal was filed, complete diversity of citizenship existed and exists between the parties.  The Complaint alleges that the Plaintiffs were employed in California and, upon information and belief, Plaintiffs reside in California.  Defendant RWS was formed under the laws of the State of Nevada (as alleged in the Complaint) and its principal place of business is in Utah.  Defendant RWS is not the current operating entity and has therefore been improperly named as Defendant.  Kiddie Kandids, LLC is the current operating entity and employer.  Kiddie Kandids is wholly owned by Kiddie Kandids Holdings, LLC.  Both Kiddie Kandids, LLC and Kiddie Kandids Holdings, LLC are Delaware limited liability companies with their principal places of business in Utah.  The members of Kiddie Kandids Holdings, LLC are:  Wayne Fox, a resident of Utah; Scott Adams, a resident of Utah; RWS Enterprises, Inc., resident of Nevada (state of incorporation) and Utah (principal place of business); and Kiddie Kandids Corporate Holdings, Inc., resident of Delaware (state of incorporation) and Utah (principal place of business).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.    Although the Complaint does not plead a specific amount for damages, it is Defendant's good faith belief that the amount in controversy exceeds $75,000, exclusive of interest and costs.  The present case is a putative class action with three named Plaintiffs.  Each named Plaintiff makes claims for failure to pay overtime wages, failure to provide accurate itemized wage statements, failure to provide meal and rest breaks, and failure to pay final wages timely.  In addition, each Plaintiff seeks injunctive compliance with the California Labor Code and relief for Unlawful Business Practices.  These claims are made alleging a four-year statute of limitations.  Each Plaintiff seeks to recover under California Labor Code section 1194, subdivision (a) liquidated damages in the amount equal to the wage unlawfully unpaid and interest thereon, penalties and reasonable attorney fees and costs of suit.  Although Defendant denies all liability, and has not finally determined the amount claimed by each Plaintiff, its preliminary analysis indicates that the potential exposure to Plaintiff Lora Mote totals approximately $43,000.  This sum is based on the following estimates:  $4,000 for failure to provide accurate itemized wage statements claim; $17,250 for failure to provide adequate meal periods claim; $17,250 for failure to provide adequate rest breaks claim; and $4,550 for failure to pay wages upon termination claim.  In addition, the claim for attorneys' fees for prosecuting Plaintiff Lora Mote's claims will easily exceed $35,000.[1]  Accordingly, the amount in controversy as to Plaintiff Lora Mote is satisfied.  Because the claim of Plaintiff Lora Mote satisfies federal jurisdiction requirements, the entire putative class action can be removed.  *Exxon Mobil Corp. v. Allapattah*, 545 U.S. 546, 549 (2005).

5.    As demonstrated above, this suit is an action of which this Court has original jurisdiction under the provisions of Title 28, United States Code § 1332, and is one that may be removed to this Court under the provisions of Title 28, United States Code § 1441.  Removal under § 1441 is appropriate in that there exists complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.  This action is being removed to the District Court for the district where the action is pending.

---

[1] California Labor Code § 1194(a) is clear that each individual employee can make a claim for attorneys' fees and costs of suit, and that such claims are included in the individual Plaintiff's claim. Unlike fees that may be claimed under California Code of Civil Procedure § 1021.5 that are allocated to all members of the putative class (*Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001)), the representative parties have individual claims for attorney's fees under California Labor Code § 1194(a), that should be added to the amount of the claim of each Plaintiff.   In addition, the possible costs of injunctive relief sought should be included as an element of the amount in controversy.

6.   To the extent that Plaintiffs have pled claims with respect to which the amount in controversy does not exceed $75,000, the Court has supplemental jurisdiction to hear the claims.  (See, 28 U.S.C. §1367.)

7.   Defendant's Notice of Removal is timely as it is filed within thirty days of service of the Summons and Complaint, as required by 28 U.S.C. § 1446(b).


DATED:  February 7, 2008.                    DESOUZA LAW OFFICES
                                             a professional corporation


                                             By: _____ / s / _____
                                             Jacqueline deSouza
                                             Attorneys for Defendants
                                             RWS  ENTERPRISES WHICH WILL DO
                                             BUSINESS IN CALIFORNIA AS KIDDIE
                                             KANDIDS, INC

**EXHIBIT A**

1    DESOUZA LAW OFFICES, a professional corporation
     JACQUELINE DESOUZA, State Bar No.:133686
2    PAMELA F. ELLMAN, State Bar No.:164574
     2397 Shattuck Avenue, Suite 202
3    Berkeley, CA 94704
     Telephone:  (510) 649-3420
4    Facsimile:  (510) 649-1711

5    Attorneys for Defendant(s):
     RWS  ENTERPRISES WHICH WILL DO BUSINESS
6    IN CALIFORNIA AS KIDDIE KANDIDS, INC

7

8                    SUPERIOR COURT OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF ALAMEDA

10

11   JACQUELYN HARRIS, LORA MOTE, and        Case No. RG 08364316
     COURTNEY COLIANNA, on behalf of
12   themselves and all others similarly situated,   **NOTICE TO COURT OF REMOVAL**

13                     Plaintiffs,             Complaint Filed: January 4, 2008

14
            vs.
15
     RWS ENTERPRISES WHICH WILL DO
16   BUSINESS IN CALIFORNIA AS KIDDIE
     KANDIDS, INC, and DOES 1 through 50,
17   inclusive,

18                    Defendants.

19

20
     _____/
21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TO THE HONORABLE PRESIDING SUPERIOR COURT JUDGE:

NOTICE is hereby given that on February 7, 2008, Defendant RWS ENTERPRISES WHICH WILL DO BUSINESS IN CALIFORNIA AS KIDDIE KANDIDS, INC ("RWS") removed this action to the United States District Court for the Northern District of California. A copy of the Notice of Removal that was filed with the federal court is attached hereto as Exhibit 1. Pursuant to 29 U.S.C. §1446 subdivision (d), it is requested that this Court "proceed no further unless and until the case is remanded."

DATED: February 7, 2008

DESOUZA LAW OFFICES
a professional corporation

By:_____
Jacqueline deSouza
Attorneys for Defendant
RWS ENTERPRISES WHICH WILL DO
BUSINESS IN CALIFORNIA AS KIDDIE
KANDIDS, INC.

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
01/09/2008
CT Log Number 512962702

TO:    Emily Bird
       RWS Enterprises
       9343 South 670 West
       Sandy, UT 84070

RE:    **Process Served in California**

FOR:   RWS Enterprises (Domestic State: NV)
       *According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jacquelyn Harris, et al., Pltfs. vs. RWS Enterprises, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Class Action Complaint, Cover Sheet, Attachment(s), Stipulation Form |
| **COURT/AGENCY:** | Superior Court, County of Alameda, CA<br>Case # RG08364316 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to pay overtime wages, provide accurate statements and provide meal and rest breaks |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/08/2008 at 15:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Randall Crane<br>Law Office Randall Crane<br>180 Grand Avenue<br>Suite 1550<br>Oakland, CA 94612<br>510-465-4606 |
| **REMARKS:** | Secretary of State of California has confirmed that CT Corporation System is agent. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798348487450 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / BF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT B

2008-01-07 16:59     Law Office of R. Cra   (510)465-4643>>      8668348967                        1/8/08 → 3PM           P 2/2

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* RWS ENTERPRISES WHICH WILL DO BUSINESS IN CALIFORNIA AS KIDDIE KANDIDS, INC., and DOES 1 through 50, inclusive | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* **ENDORSED FILED ALAMEDA COUNTY** JAN 0 4 2008 CLERK OF THE SUPERIOR COURT By Tasha Perry, Deputy |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JACQUELYN HARRIS, LORA MOTE, and COURTNEY COLIANNA, on behalf of themselves and all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
  Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* RENE C. DAVIDSON COURTHOUSE 1225 Fallon Street Oakland, CA 94612 | **CASE NUMBER:** *(Número del Caso):* RG 08364316 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Randall Crane (Bar # 056806)        Phone No.: (510) 465-4606
Law Office of Randall Crane         Fax No.: (510) 465-4643
180 Grand Ave Suite 1550, Oakland, CA 94612

DATE:  JAN 0 4 2008     Pat S. Sweeten    Clerk, by  Tasha Perry  , Deputy
*(Fecha)*                           *(Secretario)*                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: RWS Enterprises Which Will do business in California as Kiddie Kandids Inc.
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*LexisNexis® Automated California Judicial Council Forms*

11820079.tiff - 1/7/2008 3:57:11 PM

1   Randall Crane (SBN 56806)
    Leonard Emma (SBN 224483)
2   LAW OFFICE OF RANDALL CRANE
    180 Grand Ave., Suite 1550
3   Oakland, CA 94612
    Telephone: (510) 465-4606
4   Facsimile: (510) 465-4643

5   Michael Adams (SBN 47278)
    LAW OFFICE OF MICHAEL ADAMS
6   700 Marshall Street, Suite 300
    Redwood City, CA 94063
7   Telephone: (650) 599-9463
    Facsimile: (650) 599-9785
8
    Attorneys for Plaintiffs
9

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

JAN 0 4 2008

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11           IN AND FOR THE COUNTY OF ALAMEDA

12  JACQUELYN HARRIS, LORA MOTE, and  )  Case No.:   **08364316**
    COURTNEY COLIANNA, on behalf of  )
13  themselves and all others similarly situated,  )  **CLASS ACTION**
                          )
14           Plaintiffs,         )  **COMPLAINT FOR FAILURE TO PAY**
                          )  **OVERTIME WAGES, FAILURE TO**
15                       )  **PROVIDE ACCURATE ITEMIZED**
            v.            )  **WAGE STATEMENTS, FAILURE TO**
16                       )  **PROVIDE MEAL AND REST BREAKS,**
    RWS ENTERPRISES WHICH WILL DO  )  **INJUNCTIVE COMPLIANCE WITH**
17  BUSINESS IN CALIFORNIA AS KIDDIE  )  **CALIFORNIA LABOR CODE,**
    KANDIDS, INC., and DOES 1 through 50,  )  **UNLAWFUL BUSINESS PRACTICES**
18  inclusive,                 )  **AND FAILURE TO TIMELY PAY FINAL**
                       )
19           Defendants.       )  **JURY TRIAL DEMANDED**
                       )
20

21  Plaintiffs JACQUELYN HARRIS, LORA MOTE, and COURTNEY COLIANNA, on behalf of

22  themselves and all others similarly situated, and on behalf of the general public allege:

23                            **PARTIES**

24  1.    JACQUELYN HARRIS, LORA MOTE, and COURTNEY COLIANNA (hereinafter

25  referred to as "Named Plaintiffs"), were at all relevant times herein employed by DEFENDANT

11620080.tif - 1/7/2008 4:03:28 PM

1  RWS ENTERPRISES WHICH WILL DO BUSINESS IN CALIFORNIA AS KIDDIE

2  KANDIDS, INC. (hereinafter "Defendant" and/or "Kiddie Kandids") as store managers.

3  2.     Defendant is a Nevada corporation that provides photography services to the general

4  public throughout the State of California, including in the County of Alameda.

5  3.     The CLASS ("Plaintiff Class") is defined as all of Defendant's employees who, at any

6  time within the four years prior to filing this complaint, were classified by Defendant as

7  "managers" or a similar or equivalent designation, and who were deemed by Defendant as

8  exempt from receiving overtime compensation, yet who did not customarily and regularly direct

9  the work of two or more other employees or who otherwise did not meet the legal definition for

10  overtime exemption under California law.  The Class and the Named Plaintiffs are hereinafter

11  collectively referred to as "Plaintiffs."

12  4.     The SUBCLASS ("Plaintiff Members of the Sub-Class") is defined as all of Defendant's

13  employees who, at any time within the four years prior to filing this complaint, were classified

14  by Defendant as "managers" or a similar or equivalent designation, and who were deemed by

15  Defendant as exempt from receiving overtime compensation, yet who did not customarily and

16  regularly direct the work of two or more other employees or who otherwise did not meet the

17  legal definition for overtime exemption under California law, and upon leaving employment,

18  were not paid all wages earned and owed to them.

19  5.     Named Plaintiffs bring this action on their own behalf, on behalf of the general public,

20  and on behalf of all "aggrieved persons" and all other persons similarly situated within the

21  Plaintiff Class of employees who were not paid as required by the California Labor Code and

22  who were employed by Defendant within the State of California at any time between the date

23  four years prior to the filing of this complaint and the date of entry of judgment after trial.

24  6.     Named Plaintiffs do not know the true names or capacities of Defendants sued herein as

25  Does 1 through 50, inclusive, and for that reason, Named Plaintiffs sue these Defendants by such

1  fictitious names.  Named Plaintiffs will seek to amend this Complaint and include these Doe

2  Defendants' true names and capacities as soon as they can be reasonably ascertained.  Each of

3  the fictitiously named Defendants is responsible in some manner for the conduct alleged herein

4  and for the injuries suffered by the Plaintiffs and the general public.

5  7.      Unless otherwise alleged in this complaint, Named Plaintiffs are informed and believe,

6  and on that basis allege that, at all times relevant herein, Defendants were each the agents and

7  employees of their co-defendants and in doing the things alleged in this complaint were acting

8  within the course and scope of that agency and employment.

9                          CLASS ACTION ALLEGATIONS

10  8.      Named Plaintiffs bring this action on their own behalf and on behalf of all persons

11  similarly situated .

12  9.      The Plaintiff Class consists of all persons defined in paragraph 3, above.

13  10.     Named Plaintiffs are informed and believe that the class is so numerous that joinder is

14  impractical.

15  11.     There is a well-defined community of interest in the questions of law and fact affecting

16  the class of persons that Named Plaintiffs represent as a whole.  Each member of the Plaintiff

17  Class was entitled to be paid in accordance with the provisions of the California Labor Code,

18  including but not limited to those provisions relating to payment of wages for hours worked,

19  payment of overtime wages, provision of mandated meal and rest breaks, indemnification for all

20  expenses and losses, and payroll deductions.  Each member of the Plaintiff Class was not paid in

21  accordance with the provisions of the California Labor Code.

22  12.     Named Plaintiffs will fairly and adequately represent the interests of the Plaintiff Class

23  because Named Plaintiffs are members of the class and none of the Named Plaintiffs have an

24  interest that is antagonistic to the interests of the Plaintiff Class.

25  13.     The claims of Named Plaintiffs are typical of those of every other member of the Plaintiff

1    Class.

2    14.    Named Plaintiffs request permission to amend the complaint to include other individuals

3    as class representatives in the event that Named Plaintiffs, or any one of them, are deemed not to

4    be adequate representatives of the Plaintiff Class.

5    15.    Common questions of law and fact apply to all members of the Plaintiff Class as stated

6    herein so that a class action is superior to other forms of action. A class action is superior to any

7    other form of action, because a representative action without the benefits of class certification

8    will not allow for a "fluid recovery" or *cy pres* relief, and individual actions could result in a

9    multiplicity of suits with inconsistent adjudications subjecting Defendants to multiple judgments

10    without the benefits of *res judicata* resolution.

## GENERAL ALLEGATIONS

12    16.    During the last four years, Defendant has misclassified many of its employees as being

13    exempt from receiving overtime pay because Defendant internally classifies them as "store

14    managers." However, under California law, Plaintiffs do not meet the definition of an overtime

15    exempt employee and are entitled to receive overtime compensation. As a result, Defendant has

16    failed to pay Plaintiffs for overtime hours actually worked. This practice results in significant

17    financial damages to Plaintiffs.

### FIRST CAUSE OF ACTION
#### Failure to Pay Overtime Wages
#### (Violation of Labor Code §1194)

20    17.    Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

21    said allegations as if fully set forth herein.

22    18.    During the last four years, and at all relevant times in this Complaint, Plaintiffs were not

23    exempt from receiving overtime compensation.

24    19.    During the last four years, and at all relevant times in this Complaint, Defendant required

25    Plaintiffs to work in excess of 8 hours per day, and/or in excess of 40 hours per week in violation

2008-01-07 17:05    Law Office of R. Cra    (510)465-4643 >>    8668348967                                    P 6/13

1   of Labor Code §§ 510 and 1198, during which time Plaintiffs were required to be under the

2   direct control and supervision of Defendant.

3   20.    During the last four years, and at all relevant times in this Complaint, Plaintiffs were

4   entitled to receive one-and-one half times the hourly wage for each hour worked past 8 hours in

5   one day, one-and-one half times the hourly wage for each hour worked past 40 hours in one

6   week, and twice the hourly wage for each hour worked past 12 hours in one day and for hours

7   worked during the seventh consecutive workday.

8   21.    During the last four years, and at all relevant times in this Complaint, Defendant has

9   intentionally and improperly designated managers, including Plaintiffs, as "exempt" managers in

10   order to avoid payment of overtime wages and other benefits in violation of the Labor Code and

11   the IWC Wage Orders.

12   22.    Pursuant to Labor Code § 1194, Plaintiffs seek to recover in a civil action the unpaid

13   balance of the full amount of the unpaid overtime compensation, including interest thereon,

14   reasonable attorney's fees, and costs of suit.

15   23.    Plaintiffs further seek penalties for Defendant's overtime violations as provided by the

16   Labor Code.

17   WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter requested.

18                          SECOND CAUSE OF ACTION
           Failure to Provide Accurate Itemized Wage Statements
19                        (Violation of Labor Code §226)

20   24.    Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

21   said allegations as if fully set forth herein.

22   25.    At all times herein relevant, Labor Code §226 and the IWC Wage Orders required

23   that employers provide employees with itemized wage statements showing total hours worked.

24   Labor Code §226(e) provided that if an employer knowingly and intentionally fails to provide a

25   statement itemizing the total hours worked by the employee, then the employee is entitled to

1  recover the greater of all actual damages or $50 for the initial violation and $100 for each

2  subsequent violation, up to $4,000, plus costs and reasonable attorney's fees.

3  26.       Defendant knowingly and intentionally failed to furnish Plaintiffs with timely,

4  itemized statements showing the total hours worked by each of them, as required by Labor Code

5  §226(a). As a result, Defendant is liable to Plaintiffs for the amounts provided by Labor Code

6  §226(e) for the applicable liability period prior to the filing of this Complaint, up to and

7  including the present.

8  WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter requested.

9                              **THIRD CAUSE OF ACTION**
                          **Failure to Provide Adequate Meal Periods**
10                          **(Violation of Labor Code §§ 226.7 and 512)**

11  27.       Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

12  said allegations as if fully set forth herein.

13  28.       At all times herein relevant, Labor Code §§ 226.7 and 512 and the IWC Wage Orders

14  provided that employees must receive a first meal period of not less than thirty (30) minutes

15  before working more than five (5) hours, and a second meal period of not less than thirty (30)

16  minutes before working more than ten (10) hours per day.

17  29.       Because Defendant failed to provide the required meal breaks, it is liable to Plaintiffs for

18  one (1) hour of additional pay at the regular rate of compensation for each workday that the

19  proper meal periods were not provided, pursuant to Labor Code §226.7 and IWC Wage Orders,

20  for the applicable liability period prior to the filing of this Complaint, up to and including the

21  present.

22  WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter requested.

23                              **FOURTH CAUSE OF ACTION**
                          **Failure to Provide Adequate Rest Breaks**
24                          **(Violation of Labor Code § 226.7)**

25  30.       Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

1   said allegations as if fully set forth herein.

2   31.     At all times herein relevant, Labor Code §§ 226.7 and the IWC Wage Orders provided

3   that employees must receive rest periods of not less than ten (10) minutes for each four (4) hours

4   of work.

5   32.     Because Defendant failed to provide the required rest breaks, it is liable to Plaintiffs for

6   one (1) hour of additional pay at the regular rate of compensation for each workday that the

7   proper rest periods were not provided, pursuant to Labor Code §226.7 and IWC Wage Orders,

8   for the applicable liability period prior to the filing of this Complaint, up to and including the

9   present.

10  WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter requested.

11
                              **FIFTH CAUSE OF ACTION**
12              Injunctive Complaince with the Business and Professions Code
                  (Violation of Business & Professions Code §17200)
13

14  33.     Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

15  said allegations as if fully set forth herein.

16  34.     At all material times, Plaintiffs are and were affected Plaintiffs with injuries in fact within

17  the meaning of Business & Professions Code § 17204.

18  35.     Plaintiffs allege, on information and belief, that during the last four years and to the

19  present date, Defendant has knowingly engaged in unlawful business practices and unlawful

20  labor practices in committing the acts alleged herein.

21  36.     The acts of Defendant, as herein alleged, constitute unlawful, unfair and fraudulent

22  business practices in that they deprive of lawfully earned wages in order to unfairly compete in

23  the marketplace.

24  37.     Defendant's violations of California law, as alleged herein, constitute unlawful business

25  practices because such violations were done in a systematic manner and under the color of a

    business decision to detriment of the Plaintiffs.

38.    Defendants' acts, as alleged herein, constitute acts of unfair competition within the meaning of Business and Professions Code §17203.  Plaintiffs are informed and believe and thereon allege that Defendant is currently engaged in and will continue to engage in the above-described unlawful acts unless the Court orders the Defendant to cease and desist.  As a result of the unfair business practices of Defendant alleged herein, Plaintiffs are entitled to injunctive relief as herein provided.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter requested.

### SIXTH CAUSE OF ACTION
### Unlawful Business Practices
### (Violation of Business & Professions Code §17200)

39.    Plaintiffs hereby incorporate each and every allegation contained above, and re-allege said allegations as if fully set forth herein.

40.    At all material times, Plaintiffs are and were affected Plaintiffs with injuries in fact within the meaning of Business & Professions Code § 17204.

41.    Plaintiffs allege, on information and belief, that during the last four years and to the present date, Defendant knowingly engaged in unlawful business practices and unlawful labor practices as described above to reduce their overall costs of doing business.

42.    The acts of the Defendant, as herein alleged, constitute unlawful, unfair and fraudulent business practices in that they deprive Plaintiffs of lawfully earned wages in order to unfairly compete in the marketplace.

43.    Defendant's violations of California law, as alleged herein, constitute unlawful business practices because such violations were done in a systematic manner and under the color of a business decision to the detriment of Plaintiffs.

44.    Defendant's acts, as alleged herein, are acts of unfair competition within the meaning of the Business and Professions Code § 17203.

45.    As a result of Defendant's unlawful, unfair, and fraudulent business practices, and unfair

11620080.tif - 1/7/2008 4:03:28 PM

1   competition within the meaning of Business and Professions Code § 17200 *et seq.*, Plaintiffs

2   have suffered the loss and enjoyment of their lawful property in the form of overtime wages and

3   other compensation earned and yet unpaid, in an amount to be proved a time of trial.

4   46.    As a result of the unfair business practices of Defendant as alleged herein, Plaintiffs are

5   entitled to restitution of their property.

6   47.    Plaintiffs have incurred and, during the pendency of this action, will continue to incur

7   expenses for attorneys' fees and costs herein. Such attorneys' fees and costs are necessary for

8   the prosecution of this action and will result in a benefit to Plaintiffs and other individuals

9   lawfully classified as bona fide employees in California. Plaintiffs are, therefore, entitled to

10  reasonable attorneys' fees as private attorneys general under California Code of Civil Procedure

11  § 1021.5.

12
### SEVENTH CAUSE OF ACTION
#### Failure to Pay Wages Upon Termination
13  (Violation of Labor Code §201 *et seq.*)

14  48.    Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

15  said allegations as if fully set forth herein.

16  49.    Labor Code § 201 requires employers, including Defendant, to pay all wages earned and

17  unpaid immediately upon discharge or layoff of an employee.

18  50.    Labor Code § 202 requires employers, including Defendant, to pay all wages earned and

19  unpaid no later than 72 hours of receiving an employee's notice of intent to quit or immediately

20  at the time of quitting if the employee provided at least 72 hours notice of intent to quit.

21  51.    Plaintiff Members of the Sub-Class did not receive all wages earned and unpaid at the

22  time they were terminated or within 72 hours of giving notice of intent to quit.

23  52.    Plaintiff Members of the Sub-Class are still owed wages and premiums as described

24  herein.

25  53.    Defendant violated Labor Code §§201 or 202 and IWC Wage Orders when it failed to

2008-01-07 17:06        Law Office of R. Cra    (510)465-4643>>    8668348967                                    P 11/13

1   pay all earned and unpaid wages to employees who were discharged or quit or were laid off,

2   including Plaintiff Members of the Sub-Class.

3   54.      As a consequence of violating Labor Code §201 or §202, Defendant is subject to all

4   applicable civil penalties including those specified pursuant to Labor Code §203.  The exact

5   amount of the applicable penalty is in an amount to be proven at time of trial.

6                                     **PRAYER FOR RELIEF**

7   WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

8   AS TO THE FIRST CAUSE OF ACTION:

9   1.      For compensatory damages in an amount according to proof at time of trial representing

10  the amount of unpaid overtime compensation owed to Plaintiffs for the applicable liability period

11  prior to the filing of this Complaint, up to and including the present;

12  2.      For interest calculated according to law on any overtime compensation due from the day

13  such amounts were due for the applicable liability period prior to the filing of this Complaint, up

14  to and including the present;

15  3.      For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Labor Code

16  § 1194(a) and CCP § 1021.5;

17  4.      For statutory interest and penalties.

18  AS TO THE SECOND CAUSE OF ACTION:

19  5.      For compensatory damages in an amount according to proof at time of trial to Plaintiffs

20  for failure to provide accurate, itemized wage statements during the applicable liability period

21  prior to the filing of this Complaint, up to and including the present;

22  6.      For the amounts provided by Labor Code §226(e) for the applicable liability period prior

23  to the filing of this Complaint, up to and including the present;

24  7.      For reasonable attorneys' fees and the costs of bringing this suit, pursuant to CCP §

25  1021.5:

1    8.    For statutory interest and penalties.

2    AS TO THE THIRD CAUSE OF ACTION:

3    9.    For compensatory damages in an amount according to proof at time of trial representing

4    the amount of unpaid compensation owed to Plaintiffs for inadequate meal periods during the

5    applicable period prior to the filing of this Complaint, up to and including the present;

6    10.    For reasonable attorneys' fees and the costs of bringing this suit, pursuant to CCP §

7    1021.5;

8    11.    For unpaid meal breaks pursuant to Labor Code §§ 226.7 and 512 and the IWC Wage

9    Orders for inadequate meal periods during the applicable period preceding the filing of this

10    Complaint, up to and including the present;

11    12.    For statutory interest and penalties.

12    AS TO THE FOURTH CAUSE OF ACTION:

13    13.    For compensatory damages in an amount according to proof at time of trial representing

14    the amount of unpaid compensation owed to Plaintiffs for inadequate rest periods during the

15    applicable period prior to the filing of this Complaint, up to and including the present;

16    14.    For reasonable attorneys' fees and the costs of bringing this suit, pursuant to CCP §

17    1021.5;

18    15.    For unpaid rest breaks pursuant to Labor Code §§ 226.7 and 512 and the IWC Wage

19    Orders for inadequate rest periods during the applicable period preceding the filing of this

20    Complaint, up to and including the present;

21    16.    For statutory interest and penalties.

22    AS TO THE FIFTH CAUSE OF ACTION:

23    17.    For an order requiring Defendant to show cause, if any, why it should not be enjoined as

24    set forth herein above, during and after the pendency of this action;

25    AS TO THE SIXTH CAUSE OF ACTION:

1    18.    For an order that Defendant pay restitution and/or disgorgement of sums to Plaintiffs for

2    Defendant's past failure to pay wages in violation of the unfair competition laws, in an amount

3    according to proof, for the four (4) years preceding the filing of this Complaint, up to and

4    including the present;

5    AS TO THE SEVENTH CAUSE OF ACTION:

6    19.    For consequential damages according to proof as set forth in Labor Code §201, et seq.

7    (and all applicable California IWC wage orders relating to wages due and owing);

8    20.    For reasonable attorney's fees, expenses and costs;

9    21.    For waiting time penalties pursuant to Labor Code § 203; and

10    22.    For interest accrued to date;

11    AS TO ALL CAUSES OF ACTION:

12    23.    For an order certifying the Class and any appropriate subclasses thereof, and appointing

13    Named Plaintiffs and their counsel to represent the Class;

14    24.    For compensatory damages according to proof;

15    25.    For special damages according to proof;

16    26.    For injunctive relief requested herein;

17    27.    For an award of restitution and/or disgorgement according to proof;

18    28.    For the costs of bringing the suit;

19    29.    For reasonable attorney's fees;

20    30.    For statutory penalties; and

21    31.    For such other and further relief this Court may deem just and proper.

22    Dated: December 19, 2007            LAW OFFICE OF RANDALL CRANE

23

24

25

Randall Crane
Attorney for Plaintiffs

2008-01-07 16:58    Law Office of R. Cra    (510)465-4643>>    8668348967    P 2/2

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Randall  Crane (State Bar # 056806)<br>Law Office of Randall Crane<br>180 Grand Ave Suite 1550, Oakland, CA 94612<br>TELEPHONE NO.: (510) 465-4606    FAX NO.: (510) 465-4643<br>ATTORNEY FOR *(Name)*: | **ENDORSED<br>FILED<br>ALAMEDA COUNTY**<br><br>JAN 0 4 2008<br><br>CLERK OF THE SUPERIOR COURT<br>By Tasha Perry, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland  94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Harris et al. v. RWS Enterprises

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 08 36 43 16 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | JUDGE: |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [X] Substantial amount of documentary evidence
d. [X] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [X] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

**4.** Number of causes of action *(specify)*:

**5.** This case [X] is   [ ] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 4, 2008

Randall Crane
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE
### Effective April 15, 2005

### Instructions to Plaintiff / Cross-Complainant

> **In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.**

<u>California Rules of Court, Rule 201.9 (Excerpt)</u>

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

<u>**(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.**</u>

Rev 4/05

## GENERAL INFORMATION ABOUT ADR

### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

Rev 4/05

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages** of your telephone book under "Arbitrators" or "Mediators."

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/ mediation.htm or call 800-952-5210.

- **Attorney Fees:** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

Rev 4/05

11620081.tif - 1/7/2008 4:08:45 PM

2008-01-07 17:11        Law Office of R. Cra    (510)465-4643 >>    8668348967                                         P 6/8

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
222278 Redwood Road, Castro Valley, CA 94546
Phone: (510) 733-4940   fax: (510) 733-4945 .
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Phone: (510) 548-2377   fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland.  EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland -- Main Office**
433 Jefferson Street, Oakland, CA 94607
Phone: (510) 768-3100   fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement.  Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
1789 Barcelona Street, Livermore, CA 94550
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County.  Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
1212 Broadway Street, Suite 837, Oakland, CA  94612
Phone: (510) 444-6351   fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution.  It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

2008-01-07 17:11     Law Office of R. Cra   (510)465-4643>>    8658348967                                    P 7/8

# ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

### ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

**Appointment of Arbitrator (must be appointed within 30 days after referral per CRC 1605).**
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per CRC 1605a)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

**Assignment of Case (CRC 1605a(4))**
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

**Hearings (CRC 1611)**
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

**Award of Arbitrator (CRC 1615b & c)**
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

**Return of Case to Court**
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

11620081.tif - 1/7/2008 4:08:45 PM

## · SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA ·

| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
|---|---|---|
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Case No.: _____

    Plaintiff

vs.

**STIPULATION FOR ALTERNATIVE
DISPUTE RESOLUTION (ADR)**

    Defendant
_____

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____..

                          _____

                          JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

Law Offices of Randall Crane
Attn: Crane, Randall
180 Grand Ave.
Suite 1550
Oakland, CA   94612

RWS Enterprises

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Harris | No. RG08364316 |
| Plaintiff/Petitioner(s) | |
| VS. | NOTICE OF HEARING |
| Rws Enterprises | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 03/07/2008   TIME: 11:00 AM   DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Case Management Conference:
DATE: 04/07/2008   TIME: 02:00 PM   DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.260, the above-entitled matter is set for a Complex Litigation Determination Hearing.

Department 22 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6938.  Please consult Local Rule 3.30 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 22.

EXHIBIT C

1

## PROOF OF SERVICE

2          I, Elizabeth R. N. Gargano, declare:

3          1.      I am employed in the City of Oakland and County of Alameda, California by Law
Office of Randall Crane at 180 Grand Avenue, Suite 1550, Oakland, CA 94612.
4
           2.      I am over the age of eighteen years and am not a party to the within cause.
5
           3.      I am readily familiar with Law Office of Randall Crane's practice for collection
6    and processing of correspondence and documents for mailing with the United States Postal
Service, which in the normal course of business, provides for the deposit of all correspondence
7    and documents with the United States Postal Service on the same day they are collected and
processed for mailing.
8
           4.      On February 6, 2008 at Law Office of Randall Crane located at the above-
9    referenced address, I served the attached **NOTICE OF HEARING** on the interested parties in
said cause by
10
___  personal delivery by messenger service of the document(s) above to the person(s) at the
11      address(es) set forth below:

12   _X_ placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
in accordance with the firm's practice of collection and processing correspondence for mailing
13      to the person(s) at the address(es) set forth below:

14   _X_ facsimile transmission pursuant to Rule 2008 of the California Rules of Court on this date
before 5:00 p.m. (PST) of the document(s) listed above from sending facsimile machine main
15      telephone number (510) 465-4643, and which transmission was reported as complete and
without error (copy of which is attached), to facsimile number(s) set forth below:
16
___  consigning the document(s) listed above to an express delivery service for guaranteed delivery
17      on the next business day to the person(s) at the address(es) set forth below:

18   Jacqueline Desouza
Desouza Law Offices, PC
19   2397 Shattuck Avenue, Suite 202
Berkeley, CA 94704
20   Facsimile No. 510-649-1711

21
I declare under penalty of perjury that the foregoing is true and correct.
22
           Executed on February 8, 2008 in Oakland, California.
23

24

25                                    _____
                                               Elizabeth Gargano
26

27

28

**EXHIBIT  B**

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
01/09/2008
CT Log Number 512962702

TO:     Emily Bird
        RWS Enterprises
        9343 South 670 West
        Sandy, UT 84070

RE:     **Process Served in California**

FOR:    RWS Enterprises (Domestic State: NV)
        *According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jacquelyn Harris, et al., Pltfs. vs. RWS Enterprises, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Class Action Complaint, Cover Sheet, Attachment(s), Stipulation Form |
| **COURT/AGENCY:** | Superior Court, County of Alameda, CA<br>Case # RG08364316 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to pay overtime wages, provide accurate statements and provide meal and rest breaks |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/08/2008 at 15:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Randall Crane<br>Law Office Randall Crane<br>180 Grand Avenue<br>Suite 1550<br>Oakland, CA 94612<br>510-465-4606 |
| **REMARKS:** | Secretary of State of California has confirmed that CT Corporation System is agent. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798348487450 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

2008-01-07 16:59    Law Office of R. Cra    (510)465-4643>>    8668348967    1/8/08 → 3PM    P 2/2
SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RWS ENTERPRISES WHICH WILL DO BUSINESS IN CALIFORNIA
AS KIDDIE KANDIDS, INC., and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JACQUELYN HARRIS, LORA MOTE, and COURTNEY COLIANNA,
on behalf of themselves and all others similarly situated

ENDORSED
FILED
ALAMEDA COUNTY

JAN 0 4 2008

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
RENE C. DAVIDSON COURTHOUSE
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER
(Número del Caso):
RG 08 36 43 16

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Randall Crane (Bar # 056806)                  Phone No.: (510) 465-4606
Law Office of Randall Crane                    Fax No.: (510) 465-4643
180 Grand Ave Suite 1550, Oakland, CA 94612

DATE:                          Clerk, by    Tasha Perry                          , Deputy
*(Fecha)*    JAN 0 4 2008    Pat S. Sweeten    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* RWS Enterprises Which Will do business in California as Kiddie Kandids Inc.

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

11620079.tif - 1/7/2008 3:57:11 PM

1  Randall Crane (SBN 56806)
   Leonard Emma (SBN 224483)
2  LAW OFFICE OF RANDALL CRANE
   180 Grand Ave., Suite 1550
3  Oakland, CA 94612
   Telephone:  (510) 465-4606
4  Facsimile:  (510) 465-4643

5  Michael Adams (SBN 47278)
   LAW OFFICE OF MICHAEL ADAMS
6  700 Marshall Street, Suite 300
   Redwood City, CA 94063
7  Telephone:  (650) 599-9463
   Facsimile:  (650) 599-9785

8
9  Attorneys for Plaintiffs

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

JAN 0 4 2008

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                   IN AND FOR THE COUNTY OF ALAMEDA

12  JACQUELYN HARRIS, LORA MOTE, and      )  Case No.:      08364316
    COURTNEY COLIANNA, on behalf of       )
13  themselves and all others similarly situated,  )  **CLASS ACTION**
                                          )
14              Plaintiffs,               )  **COMPLAINT FOR FAILURE TO PAY**
                                          )  **OVERTIME WAGES, FAILURE TO**
15          v.                            )  **PROVIDE ACCURATE ITEMIZED**
                                          )  **WAGE STATEMENTS, FAILURE TO**
16                                        )  **PROVIDE MEAL AND REST BREAKS,**
    RWS ENTERPRISES WHICH WILL DO         )  **INJUNCTIVE COMPLIANCE WITH**
17  BUSINESS IN CALIFORNIA AS KIDDIE      )  **CALIFORNIA LABOR CODE,**
    KANDIDS, INC., and DOES 1 through 50, )  **UNLAWFUL BUSINESS PRACTICES**
18  inclusive,                            )  **AND FAILURE TO TIMELY PAY FINAL**
                                          )
19              Defendants.               )  **JURY TRIAL DEMANDED**
                                          )
20

21  Plaintiffs JACQUELYN HARRIS, LORA MOTE, and COURTNEY COLIANNA, on behalf of

22  themselves and all others similarly situated, and on behalf of the general public allege:

23                            PARTIES

24  1.      JACQUELYN HARRIS, LORA MOTE, and COURTNEY COLIANNA (hereinafter

25  referred to as "Named Plaintiffs"), were at all relevant times herein employed by DEFENDANT

11620080.tif - 1/7/2008 4:03:28 PM

2008-01-07 17:04    Law Office of R. Cra    (510)465-4643>>    8668348967    P 3/13

1  RWS ENTERPRISES WHICH WILL DO BUSINESS IN CALIFORNIA AS KIDDIE

2  KANDIDS, INC. (hereinafter "Defendant" and/or "Kiddie Kandids") as store managers.

3  2.    Defendant is a Nevada corporation that provides photography services to the general

4  public throughout the State of California, including in the County of Alameda.

5  3.    The CLASS ("Plaintiff Class") is defined as all of Defendant's employees who, at any

6  time within the four years prior to filing this complaint, were classified by Defendant as

7  "managers" or a similar or equivalent designation, and who were deemed by Defendant as

8  exempt from receiving overtime compensation, yet who did not customarily and regularly direct

9  the work of two or more other employees or who otherwise did not meet the legal definition for

10  overtime exemption under California law.  The Class and the Named Plaintiffs are hereinafter

11  collectively referred to as "Plaintiffs."

12  4.    The SUBCLASS ("Plaintiff Members of the Sub-Class") is defined as all of Defendant's

13  employees who, at any time within the four years prior to filing this complaint, were classified

14  by Defendant as "managers" or a similar or equivalent designation, and who were deemed by

15  Defendant as exempt from receiving overtime compensation, yet who did not customarily and

16  regularly direct the work of two or more other employees or who otherwise did not meet the

17  legal definition for overtime exemption under California law, and upon leaving employment,

18  were not paid all wages earned and owed to them.

19  5.    Named Plaintiffs bring this action on their own behalf, on behalf of the general public,

20  and on behalf of all "aggrieved persons" and all other persons similarly situated within the

21  Plaintiff Class of employees who were not paid as required by the California Labor Code and

22  who were employed by Defendant within the State of California at any time between the date

23  four years prior to the filing of this complaint and the date of entry of judgment after trial.

24  6.    Named Plaintiffs do not know the true names or capacities of Defendants sued herein as

25  Does 1 through 50, inclusive, and for that reason, Named Plaintiffs sue these Defendants by such

11620080.tif - 1/7/2008 4:03:28 PM

2008-01-07 17:04        Law Office of R. Cra    (510)465-4643 >>    8668348967                                P 4/13

1  fictitious names. Named Plaintiffs will seek to amend this Complaint and include these Doe

2  Defendants' true names and capacities as soon as they can be reasonably ascertained. Each of

3  the fictitiously named Defendants is responsible in some manner for the conduct alleged herein

4  and for the injuries suffered by the Plaintiffs and the general public.

5  7.      Unless otherwise alleged in this complaint, Named Plaintiffs are informed and believe,

6  and on that basis allege that, at all times relevant herein, Defendants were each the agents and

7  employees of their co-defendants and in doing the things alleged in this complaint were acting

8  within the course and scope of that agency and employment.

9                          **CLASS ACTION ALLEGATIONS**

10  8.      Named Plaintiffs bring this action on their own behalf and on behalf of all persons

11  similarly situated .

12  9.      The Plaintiff Class consists of all persons defined in paragraph 3, above.

13  10.      Named Plaintiffs are informed and believe that the class is so numerous that joinder is

14  impractical.

15  11.      There is a well-defined community of interest in the questions of law and fact affecting

16  the class of persons that Named Plaintiffs represent as a whole. Each member of the Plaintiff

17  Class was entitled to be paid in accordance with the provisions of the California Labor Code,

18  including but not limited to those provisions relating to payment of wages for hours worked,

19  payment of overtime wages, provision of mandated meal and rest breaks, indemnification for all

20  expenses and losses, and payroll deductions. Each member of the Plaintiff Class was not paid in

21  accordance with the provisions of the California Labor Code.

22  12.      Named Plaintiffs will fairly and adequately represent the interests of the Plaintiff Class

23  because Named Plaintiffs are members of the class and none of the Named Plaintiffs have an

24  interest that is antagonistic to the interests of the Plaintiff Class.

25  13.      The claims of Named Plaintiffs are typical of those of every other member of the Plaintiff

1    Class.

2    14.    Named Plaintiffs request permission to amend the complaint to include other individuals

3    as class representatives in the event that Named Plaintiffs, or any one of them, are deemed not to

4    be adequate representatives of the Plaintiff Class.

5    15.    Common questions of law and fact apply to all members of the Plaintiff Class as stated

6    herein so that a class action is superior to other forms of action.  A class action is superior to any

7    other form of action, because a representative action without the benefits of class certification

8    will not allow for a "fluid recovery" or *cy pres* relief, and individual actions could result in a

9    multiplicity of suits with inconsistent adjudications subjecting Defendants to multiple judgments

10    without the benefits of *res judicata* resolution.

## GENERAL ALLEGATIONS

12    16.    During the last four years, Defendant has misclassified many of its employees as being

13    exempt from receiving overtime pay because Defendant internally classifies them as "store

14    managers."  However, under California law, Plaintiffs do not meet the definition of an overtime

15    exempt employee and are entitled to receive overtime compensation.  As a result, Defendant has

16    failed to pay Plaintiffs for overtime hours actually worked.  This practice results in significant

17    financial damages to Plaintiffs.

### FIRST CAUSE OF ACTION
### Failure to Pay Overtime Wages
### (Violation of Labor Code §1194)

20    17.    Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

21    said allegations as if fully set forth herein.

22    18.    During the last four years, and at all relevant times in this Complaint, Plaintiffs were not

23    exempt from receiving overtime compensation.

24    19.    During the last four years, and at all relevant times in this Complaint, Defendant required

25    Plaintiffs to work in excess of 8 hours per day, and/or in excess of 40 hours per week in violation

1  of Labor Code §§ 510 and 1198, during which time Plaintiffs were required to be under the

2  direct control and supervision of Defendant.

3  20.    During the last four years, and at all relevant times in this Complaint, Plaintiffs were

4  entitled to receive one-and-one half times the hourly wage for each hour worked past 8 hours in

5  one day, one-and-one half times the hourly wage for each hour worked past 40 hours in one

6  week, and twice the hourly wage for each hour worked past 12 hours in one day and for hours

7  worked during the seventh consecutive workday.

8  21.    During the last four years, and at all relevant times in this Complaint, Defendant has

9  intentionally and improperly designated managers, including Plaintiffs, as "exempt" managers in

10  order to avoid payment of overtime wages and other benefits in violation of the Labor Code and

11  the IWC Wage Orders.

12  22.    Pursuant to Labor Code § 1194, Plaintiffs seek to recover in a civil action the unpaid

13  balance of the full amount of the unpaid overtime compensation, including interest thereon,

14  reasonable attorney's fees, and costs of suit.

15  23.    Plaintiffs further seek penalties for Defendant's overtime violations as provided by the

16  Labor Code.

17  WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter requested.

18                              **SECOND CAUSE OF ACTION**
                     **Failure to Provide Accurate Itemized Wage Statements**
19                           **(Violation of Labor Code §226)**

20  24.    Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

21  said allegations as if fully set forth herein.

22  25.    At all times herein relevant, Labor Code §226 and the IWC Wage Orders required

23  that employers provide employees with itemized wage statements showing total hours worked.

24  Labor Code §226(e) provided that if an employer knowingly and intentionally fails to provide a

25  statement itemizing the total hours worked by the employee, then the employee is entitled to

1 | recover the greater of all actual damages or $50 for the initial violation and $100 for each

2 | subsequent violation, up to $4,000, plus costs and reasonable attorney's fees.

3 | 26.    Defendant knowingly and intentionally failed to furnish Plaintiffs with timely,

4 | itemized statements showing the total hours worked by each of them, as required by Labor Code

5 | §226(a). As a result, Defendant is liable to Plaintiffs for the amounts provided by Labor Code

6 | §226(e) for the applicable liability period prior to the filing of this Complaint, up to and

7 | including the present.

8 | WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter requested.

9 |

**THIRD CAUSE OF ACTION**
**Failure to Provide Adequate Meal Periods**
**(Violation of Labor Code §§ 226.7 and 512)**

10 |

11 | 27.    Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

12 | said allegations as if fully set forth herein.

13 | 28.    At all times herein relevant, Labor Code §§ 226.7 and 512 and the IWC Wage Orders

14 | provided that employees must receive a first meal period of not less than thirty (30) minutes

15 | before working more than five (5) hours, and a second meal period of not less than thirty (30)

16 | minutes before working more than ten (10) hours per day.

17 | 29.    Because Defendant failed to provide the required meal breaks, it is liable to Plaintiffs for

18 | one (1) hour of additional pay at the regular rate of compensation for each workday that the

19 | proper meal periods were not provided, pursuant to Labor Code §226.7 and IWC Wage Orders,

20 | for the applicable liability period prior to the filing of this Complaint, up to and including the

21 | present.

22 | WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter requested.

23 |

**FOURTH CAUSE OF ACTION**
**Failure to Provide Adequate Rest Breaks**
**(Violation of Labor Code § 226.7)**

24 |

25 | 30.    Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

---

1   said allegations as if fully set forth herein.

2   31.    At all times herein relevant, Labor Code §§ 226.7 and the IWC Wage Orders provided

3   that employees must receive rest periods of not less than ten (10) minutes for each four (4) hours

4   of work.

5   32.    Because Defendant failed to provide the required rest breaks, it is liable to Plaintiffs for

6   one (1) hour of additional pay at the regular rate of compensation for each workday that the

7   proper rest periods were not provided, pursuant to Labor Code §226.7 and IWC Wage Orders,

8   for the applicable liability period prior to the filing of this Complaint, up to and including the

9   present.

10   WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter requested.

11

12                              **FIFTH CAUSE OF ACTION**
                  <u>Inunctive Complaince with the Business and Professions Code</u>
                       (Violation of Business & Professions Code §17200)

13
14   33.    Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

15   said allegations as if fully set forth herein.

16   34.    At all material times, Plaintiffs are and were affected Plaintiffs with injuries in fact within

17   the meaning of Business & Professions Code § 17204.

18   35.    Plaintiffs allege, on information and belief, that during the last four years and to the

19   present date, Defendant has knowingly engaged in unlawful business practices and unlawful

20   labor practices in committing the acts alleged herein.

21   36.    The acts of Defendant, as herein alleged, constitute unlawful, unfair and fraudulent

22   business practices in that they deprive of lawfully earned wages in order to unfairly compete in

23   the marketplace.

24   37.    Defendant's violations of California law, as alleged herein, constitute unlawful business

25   practices because such violations were done in a systematic manner and under the color of a

    business decision to detriment of the Plaintiffs.

2008-01-07 17:05    Law Office of R. Cra    (510)465-4643>>    8668348967                                                    P 9/13

1   38.    Defendants' acts, as alleged herein, constitute acts of unfair competition within the

2   meaning of Business and Professions Code §17203. Plaintiffs are informed and believe and

3   thereon allege that Defendant is currently engaged in and will continue to engage in the above-

4   described unlawful acts unless the Court orders the Defendant to cease and desist. As a result of

5   the unfair business practices of Defendant alleged herein, Plaintiffs are entitled to injunctive

6   relief as herein provided.

7   WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter requested.

8   **SIXTH CAUSE OF ACTION**<br>**Unlawful Business Practices**

9   **(Violation of Business & Professions Code §17200)**

10   39.    Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

11   said allegations as if fully set forth herein.

12   40.    At all material times, Plaintiffs are and were affected Plaintiffs with injuries in fact within

13   the meaning of Business & Professions Code § 17204.

14   41.    Plaintiffs allege, on information and belief, that during the last four years and to the

15   present date, Defendant knowingly engaged in unlawful business practices and unlawful labor

16   practices as described above to reduce their overall costs of doing business.

17   42.    The acts of the Defendant, as herein alleged, constitute unlawful, unfair and fraudulent

18   business practices in that they deprive Plaintiffs of lawfully earned wages in order to unfairly

19   compete in the marketplace.

20   43.    Defendant's violations of California law, as alleged herein, constitute unlawful business

21   practices because such violations were done in a systematic manner and under the color of a

22   business decision to the detriment of Plaintiffs.

23   44.    Defendant's acts, as alleged herein, are acts of unfair competition within the meaning of

24   the Business and Professions Code § 17203.

25   45.    As a result of Defendant's unlawful, unfair, and fraudulent business practices, and unfair

11620080.tif - 1/7/2008 4:03:28 PM

1   competition within the meaning of Business and Professions Code § 17200 *et seq.*, Plaintiffs

2   have suffered the loss and enjoyment of their lawful property in the form of overtime wages and

3   other compensation earned and yet unpaid, in an amount to be proved a time of trial.

4   46.    As a result of the unfair business practices of Defendant as alleged herein, Plaintiffs are

5   entitled to restitution of their property.

6   47.    Plaintiffs have incurred and, during the pendency of this action, will continue to incur

7   expenses for attorneys' fees and costs herein.  Such attorneys' fees and costs are necessary for

8   the prosecution of this action and will result in a benefit to Plaintiffs and other individuals

9   lawfully classified as bona fide employees in California.  Plaintiffs are, therefore, entitled to

10  reasonable attorneys' fees as private attorneys general under California Code of Civil Procedure

11  § 1021.5.

12                        **SEVENTH CAUSE OF ACTION**
                      **Failure to Pay Wages Upon Termination**
13                      **(Violation of Labor Code §201 *et seq.*)**

14  48.    Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

15  said allegations as if fully set forth herein.

16  49.    Labor Code § 201 requires employers, including Defendant, to pay all wages earned and

17  unpaid immediately upon discharge or layoff of an employee.

18  50.    Labor Code § 202 requires employers, including Defendant, to pay all wages earned and

19  unpaid no later than 72 hours of receiving an employee's notice of intent to quit or immediately

20  at the time of quitting if the employee provided at least 72 hours notice of intent to quit.

21  51.    Plaintiff Members of the Sub-Class did not receive all wages earned and unpaid at the

22  time they were terminated or within 72 hours of giving notice of intent to quit.

23  52.    Plaintiff Members of the Sub-Class are still owed wages and premiums as described

24  herein.

25  53.    Defendant violated Labor Code §§201 or 202 and IWC Wage Orders when it failed to

1    pay all earned and unpaid wages to employees who were discharged or quit or were laid off,

2    including Plaintiffs Members of the Sub-Class.

3    54.    As a consequence of violating Labor Code §201 or §202, Defendant is subject to all

4    applicable civil penalties including those specified pursuant to Labor Code §203.  The exact

5    amount of the applicable penalty is in an amount to be proven at time of trial.

6    **PRAYER FOR RELIEF**

7    WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

8    AS TO THE FIRST CAUSE OF ACTION:

9    1.    For compensatory damages in an amount according to proof at time of trial representing

10    the amount of unpaid overtime compensation owed to Plaintiffs for the applicable liability period

11    prior to the filing of this Complaint, up to and including the present;

12    2.    For interest calculated according to law on any overtime compensation due from the day

13    such amounts were due for the applicable liability period prior to the filing of this Complaint, up

14    to and including the present;

15    3.    For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Labor Code

16    § 1194(a) and CCP § 1021.5;

17    4.    For statutory interest and penalties.

18    AS TO THE SECOND CAUSE OF ACTION:

19    5.    For compensatory damages in an amount according to proof at time of trial to Plaintiffs

20    for failure to provide accurate, itemized wage statements during the applicable liability period

21    prior to the filing of this Complaint, up to and including the present;

22    6.    For the amounts provided by Labor Code §226(e) for the applicable liability period prior

23    to the filing of this Complaint, up to and including the present;

24    7.    For reasonable attorneys' fees and the costs of bringing this suit, pursuant to CCP §

25    1021.5:

8.      For statutory interest and penalties.

AS TO THE THIRD CAUSE OF ACTION:

9.      For compensatory damages in an amount according to proof at time of trial representing the amount of unpaid compensation owed to Plaintiffs for inadequate meal periods during the applicable period prior to the filing of this Complaint, up to and including the present;

10.     For reasonable attorneys' fees and the costs of bringing this suit, pursuant to CCP § 1021.5;

11.     For unpaid meal breaks pursuant to Labor Code §§ 226.7 and 512 and the IWC Wage Orders for inadequate meal periods during the applicable period preceding the filing of this Complaint, up to and including the present;

12.     For statutory interest and penalties.

AS TO THE FOURTH CAUSE OF ACTION:

13.     For compensatory damages in an amount according to proof at time of trial representing the amount of unpaid compensation owed to Plaintiffs for inadequate rest periods during the applicable period prior to the filing of this Complaint, up to and including the present;

14.     For reasonable attorneys' fees and the costs of bringing this suit, pursuant to CCP § 1021.5;

15.     For unpaid rest breaks pursuant to Labor Code §§ 226.7 and 512 and the IWC Wage Orders for inadequate rest periods during the applicable period preceding the filing of this Complaint, up to and including the present;

16.     For statutory interest and penalties.

AS TO THE FIFTH CAUSE OF ACTION:

17.     For an order requiring Defendant to show cause, if any, why it should not be enjoined as set forth herein above, during and after the pendency of this action;

AS TO THE SIXTH CAUSE OF ACTION:

1   18.    For an order that Defendant pay restitution and/or disgorgement of sums to Plaintiffs for

2   Defendant's past failure to pay wages in violation of the unfair competition laws, in an amount

3   according to proof, for the four (4) years preceding the filing of this Complaint, up to and

4   including the present;

5   AS TO THE SEVENTH CAUSE OF ACTION:

6   19.    For consequential damages according to proof as set forth in Labor Code §201, et seq.

7   (and all applicable California IWC wage orders relating to wages due and owing);

8   20.    For reasonable attorney's fees, expenses and costs;

9   21.    For waiting time penalties pursuant to Labor Code § 203; and

10  22.    For interest accrued to date;

11  AS TO ALL CAUSES OF ACTION:

12  23.    For an order certifying the Class and any appropriate subclasses thereof, and appointing

13  Named Plaintiffs and their counsel to represent the Class;

14  24.    For compensatory damages according to proof;

15  25.    For special damages according to proof;

16  26.    For injunctive relief requested herein;

17  27.    For an award of restitution and/or disgorgement according to proof;

18  28.    For the costs of bringing the suit;

19  29.    For reasonable attorney's fees;

20  30.    For statutory penalties; and

21  31.    For such other and further relief this Court may deem just and proper.

22  Dated: December 19, 2007                  LAW OFFICE OF RANDALL CRANE

23

24

25                                          Randall Crane
                                            Attorney for Plaintiffs

2008-01-07 16:58    Law Office of R. Cra    (510)465-4643>>    8668348967    P 2/2

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Randall Crane (State Bar # 056806)
Law Office of Randall Crane
180 Grand Ave Suite 1550, Oakland, CA 94612
TELEPHONE NO.: (510) 465-4606    FAX NO.: (510) 465-4643
**ATTORNEY FOR** *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland  94612
BRANCH NAME: Rene C. Davidson Courthouse

**CASE NAME:**
Harris et al. v. RWS Enterprises

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | **CASE NUMBER:** |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RG 08364316 |
| | | | JUDGE: |
| | | | DEPT: |

**FOR COURT USE ONLY**

ENDORSED
FILED
ALAMEDA COUNTY

JAN 0 4 2008

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [X] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 4, 2008

Randall Crane
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

2008-01-07 17:10    Law Office of R. Cra    (510)465-4643 >>    8668348967    P 2/8

## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION PACKAGE
#### Effective April 15, 2005

### Instructions to Plaintiff / Cross-Complainant

> In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

**(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.**

Rev 4/05

11620081.tif - 1/7/2008 4:08:45 PM

## GENERAL INFORMATION ABOUT ADR

### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

Rev 4/05

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediat1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages** of your telephone book under "Arbitrators" or "Mediators."

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

Rev 4/05

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
**222278 Redwood Road, Castro Valley, CA 94546**
Phone: (510) 733-4940    fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**
Phone: (510) 548-2377    fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**
Phone: (510) 768-3100  fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**1789 Barcelona Street, Livermore, CA 94550**
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
**1212 Broadway Street, Suite 837, Oakland, CA 94612**
Phone: (510) 444-6351  fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

2008-01-07 17:11    Law Office of R. Cra    (510)465-4643 >>    8668348967                                    P 7/8

## ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

### ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

Appointment of Arbitrator (must be appointed within 30 days after referral per *CRC 1605*).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

Assignment of Case *(CRC 1605a(4))*
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

Hearings *(CRC 1611)*
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

Award of Arbitrator *(CRC 1615b & c)*
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

Return of Case to Court
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

## · SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA ·

| | | |
|---|---|---|
| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd FL, Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Case No.: _____

                    Plaintiff

vs.

### STIPULATION FOR ALTERNATIVE
### DISPUTE RESOLUTION (ADR)

                    Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____ .

                              _____
                              JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

1  DESOUZA LAW OFFICES, a professional corporation
   JACQUELINE DESOUZA, State Bar No.:133686
2  PAMELA F. ELLMAN, State Bar No.:164574
   2397 Shattuck Avenue, Suite 202
3  Berkeley, CA 94704
   Telephone:  (510) 649-3420
4  Facsimile:  (510) 649-1711

5  Attorneys for Defendant(s):
   RWS  ENTERPRISES WHICH WILL DO BUSINESS
6  IN CALIFORNIA AS KIDDIE KANDIDS, INC

7

8                    SUPERIOR COURT OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF ALAMEDA

10

11  JACQUELYN HARRIS, LORA MOTE, and        Case No. RG 08364316
    COURTNEY COLIANNA, on behalf of
12  themselves and all others similarly situated,   Proof Of service

13                                          Complaint Filed: January 4, 2008
                   Plaintiffs,
14
15          vs.

16  RWS ENTERPRISES WHICH WILL DO
    BUSINESS IN CALIFORNIA AS KIDDIE
17  KANDIDS, INC, and DOES 1 through 50,
    inclusive,
18
                   Defendants.
19

20

21  _____/

22  I declare:

23  I am over the age of 18, not a party to this action, and am employed in Alameda County at 2397
    Shattuck Avenue, Suite 202, Berkeley, California 94704.

24  On February 7, 2008, I served true and correct copies of the following documents:

25  NOTICE TO COURT OF REMOVAL; ANSWER

26
    upon the following party[ies] or their counsel:
27

28

                              PROOF OF SERVICE – Page 1

1   **Attorneys for Plaintiffs**
    Randall Crane
2   Law Offices of Randall Crane
    10 Grand Avenue, suite 1550
3   Oakland, CA 94612

4   [ ] **By U.S. Mail**: I am readily familiar with my employer's business practices for collection and
    processing of mail with the U.S. Postal Service.  I served the documents listed above on the parties
5   named above by, following ordinary business practices, placing true copies of these documents in
    sealed and addressed envelope(s), with postage pre-paid, for collection at a mail box maintained by the
6   U.S. Postal Service or at a location at my employer's business where mail is regularly collected to be
    deposited in a mail box maintained by the U.S. Postal Service.  In the usual course of business, mail
7   deposited at my employer's central location is deposited with the U.S. Postal Service on the day
    deposited.  (Cal. Code Civ. Proc. § 1013, subd. (a).)
8
    [ ] **By Express Mail**: I am readily familiar with my employer's business practices for collection and
9   delivery of documents by express delivery.  I served the documents listed above on the parties named
    above by, following ordinary business practices, placing true copies of these documents in sealed and
10  addressed envelope(s), with express mail postage pre-paid, for collection by FedEx at a location
    maintained by FedEx.  In the usual course of business, envelopes deposited with FedEx are collected
11  for express delivery, overnight or two-day as may be designated, on the day deposited.  (Cal. Code
    Civ. Proc. § 1013, subd. (c).)
12
    [ ] **By Fax**: I am readily familiar with my employer's business practices for delivery of documents
13  by fax.  In the ordinary course of business, using fax number (510) 649-1711, I served true copies of
    the documents listed above by transmitting them to the parties' fax numbers listed above.  The fax
14  machine I used complied with California Rules of Court, rule 2.301, and no error in transmission was
    reported by the machine.  Pursuant to California Rules of Court, rule 2.306, subd. (h), and as is the
15  custom and practice of our firm, I printed a transmission record, a copy of which is attached to this
    declaration.
16
    [ X ] **By Personal Service**: By depositing for personal delivery the documents listed above with One
17  Hour Legal Services for hand delivery to the parties at the addresses listed above.

18  [ ] **By Email**:  Using email address jdesouza@dlawcorp.com, I served the documents listed above by
    transmitting them to the parties' email addresses listed above.   The email addresses I used complied
19  with California Rules of Court, rule 2.260, and no error in transmission was reported.

20  I declare under penalty of perjury under the laws of the State of California and of the United States of
    America that the foregoing is true and correct.  Executed in Berkeley, California.
21
22  DATED: February 7, 2008              _____
23                                              Jacqueline deSouza
24
25
26
27
28

**EXHIBIT C**

Law Offices of Randall Crane
Attn: Crane, Randall
180 Grand Ave.
Suite 1550
Oakland, CA   94612

RWS Enterprises

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Harris | No. **RG08364316** |
| Plaintiff/Petitioner(s) | |
| VS. | |
| Rws Enterprises | NOTICE OF HEARING |
| Defendant/Respondent(s) (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 03/07/2008   TIME: 11:00 AM   DEPARTMENT: 22
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Case Management Conference:
DATE: 04/07/2008   TIME: 02:00 PM   DEPARTMENT: 22
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.260, the above-entitled matter is set for a Complex Litigation Determination Hearing.

Department 22 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6938. Please consult Local Rule 3.30 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 22.

1  **PROOF OF SERVICE**

2     I, Elizabeth R. N. Gargano, declare:

3     1.    I am employed in the City of Oakland and County of Alameda, California by Law
Office of Randall Crane at 180 Grand Avenue, Suite 1550, Oakland, CA 94612.

4
      2.    I am over the age of eighteen years and am not a party to the within cause.
5
      3.    I am readily familiar with Law Office of Randall Crane's practice for collection
6  and processing of correspondence and documents for mailing with the United States Postal
Service, which in the normal course of business, provides for the deposit of all correspondence
7  and documents with the United States Postal Service on the same day they are collected and
processed for mailing.
8
      4.    On February 6, 2008 at Law Office of Randall Crane located at the above-
9  referenced address, I served the attached **NOTICE OF HEARING** on the interested parties in
said cause by
10
___ personal delivery by messenger service of the document(s) above to the person(s) at the
11     address(es) set forth below:

12  X placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
      in accordance with the firm's practice of collection and processing correspondence for mailing
13     to the person(s) at the address(es) set forth below:

14  X facsimile transmission pursuant to Rule 2008 of the California Rules of Court on this date
      before 5:00 p.m. (PST) of the document(s) listed above from sending facsimile machine main
15     telephone number (510) 465-4643, and which transmission was reported as complete and
      without error (copy of which is attached), to facsimile number(s) set forth below:
16
___ consigning the document(s) listed above to an express delivery service for guaranteed delivery
17     on the next business day to the person(s) at the address(es) set forth below:

18  Jacqueline Desouza
Desouza Law Offices, PC
19  2397 Shattuck Avenue, Suite 202
Berkeley, CA 94704
20  Facsimile No. 510-649-1711

21
I declare under penalty of perjury that the foregoing is true and correct.
22
      Executed on February 8, 2008 in Oakland, California.
23

24

25                                    _____
                                         Elizabeth Gargano
26

27

28

**EXHIBIT  D**

1   DESOUZA LAW OFFICES, a professional corporation
    JACQUELINE DESOUZA, State Bar No.:133686
2   PAMELA F. ELLMAN, State Bar No.:164574
    2397 Shattuck Avenue, Suite 202
3   Berkeley, CA 94704
    Telephone:  (510) 649-3420
4   Facsimile:   (510) 649-1711

5   Attorneys for Defendant(s):
    RWS  ENTERPRISES WHICH WILL DO BUSINESS
6   IN CALIFORNIA AS KIDDIE KANDIDS, INC

7

8                    SUPERIOR COURT OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF ALAMEDA

10

11  JACQUELYN HARRIS, LORA MOTE, and          Case No. RG 08364316
    COURTNEY COLIANNA, on behalf of
12  themselves and all others similarly situated,    **ANSWER OF DEFENDANT RWS**
                                                     **ENTERPRISES WHICH WILL DO**
13           Plaintiffs,                             **BUSINESS IN CALIFORNIA AS**
                                                     **KIDDIE KANDIDS, INC TO**
14      vs.                                          **PLAINTIFFS' COMPLAINT FOR**
                                                     **ALLEGED WAGE AND HOUR**
15  RWS ENTERPRISES WHICH WILL DO              **VIOLATIONS**
16  BUSINESS IN CALIFORNIA AS KIDDIE
    KANDIDS, INC, and DOES 1 through 50,       Complaint Filed: January 4, 2008
17  inclusive,

18           Defendants.

19

20

21  _____/

22  Defendant RWS ENTERPRISES WHICH WILL DO BUSINESS IN CALIFORNIA AS KIDDIE

23  KANDIDS, INC ("RWS")[1] hereby answers the Complaint for alleged wage and hour violations

24  ("Complaint") of Plaintiffs JACQUELYN HARRIS, LAURA MOTE, COURTNEY COLIANNA,

25  individually, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by

26  generally denying each and every material allegation of the Complaint pursuant to California Code of

27  Civil Procedure, section 431.30 subdivision (d).  For its affirmative defenses, RWS alleges as follows:

28  _____
    [1] RWS is not the operating entity or Plaintiffs' employer and has been improperly named as Defendant.
    RWS reserves all related defenses.

                    ANSWER OF DEFENDANT TO PLAINTIFFS' COMPLAINT – Page 1

1

2

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Cause Of Action)

3

4

1.  The Complaint, and each purported cause of action contained therein, are barred because they fail to state facts sufficient to constitute a cause of action against RWS.

5

### SECOND AFFIRMATIVE DEFENSE
### (Failure To Allege Facts To Support Class Action Status)

6

7

2.  Plaintiffs have failed to plead and cannot satisfy the requirements for maintaining a class action under California law.

8

9

### THIRD AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

10

11

12

3.  The Complaint, and each purported cause of action contained therein, are barred to the extent Plaintiffs seek relief for conduct occurring outside the applicable statutes of limitations, including, but not limited to California Code of Civil Procedure, sections 338, 340, and 343; California Labor Code, section 203; and California Business & Professions Code, section 17208.

13

14

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

15

16

17

4.  The Complaint, and each purported cause of action contained therein, are barred because any of RWS' or its agents' allegedly unlawful conduct was taken as a result of conduct by Plaintiffs and Plaintiffs are thus estopped to assert any cause of action against RWS.

18

19

20

### FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

5.  The Complaint, and each purported cause of action contained therein, are barred because Plaintiffs have been guilty of improper conduct connected to the matters alleged in the Complaint.

21

22

### SIXTH AFFIRMATIVE DEFENSE
### (Laches)

23

24

6.  The Complaint, and each purported cause of action therein, are barred because Plaintiffs have unreasonably delayed the filing of their action, without justification, causing prejudice to RWS.

### SEVENTH AFFIRMATIVE DEFENSE
### (Accord And Satisfaction)

25

26

7.  The Complaint, and each purported cause of action contained therein, are barred by the doctrine of accord and satisfaction.

27

28

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTH AFFIRMATIVE DEFENSE
### (Consent)

8.   The Complaint and each purported cause of action therein, are barred because Plaintiffs consented to the alleged conduct of RWS.

## NINTH AFFIRMATIVE DEFENSE
### (Failure To Allege Facts To Allege A Violation Of Sections 17200 et seq.)

9.   The conduct alleged in Plaintiff's Complaint does not constitute unfair and unlawful business practices and RWS did not engage in acts constituting unfair and unlawful business practices as defined in California Business & Professions Code section 17200, et seq.

## TENTH AFFIRMATIVE DEFENSE
### (Waiver)

10. The Complaint, and each purported cause of action contained therein, are barred by the principles of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Lack Of Standing)

11. The Complaint, and each purported cause of action contained therein, are barred because Plaintiffs lack standing to assert these matters against RWS.

## TWELFTH AFFIRMATIVE DEFENSE
### (Overtime Compensation)

12. The Complaint, and each purported cause of action contained therein, are barred to the extent they seek compensation for unpaid overtime on behalf of Plaintiffs because Plaintiffs were paid the appropriate wage at all times during the relevant period of time.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

13. The Complaint and each purported cause of action fails in whole or in part because RWS and its agents acted in good faith at all times.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Good Faith –California Law)

14. Any and all of RWS' actions or omissions giving rise to this action performed in good faith and RWS had reasonable grounds for believing that any act or omission was not a violation of California law.

///

///

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Conduct Of Plaintiffs)

15. The Complaint, and each purported cause of action contained therein, are barred based upon the performance or conduct of Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Reservation Of Rights)

16. RWS does not presently know all facts and circumstances relating to Plaintiffs' claims. RWS reserves its right to amend this Answer should it later discover facts that support additional affirmative defenses.

WHEREFORE, Defendant RWS requests that this Court:

a.  Order that Plaintiffs take nothing from their Complaint;

b.  Dismiss the Complaint with prejudice;

c.  Award RWS its costs of suit herein, including an award of reasonable attorneys' fees and costs; and,

d.  Grant RWS such other and further relief as may be appropriate.

DATED:  February 7, 2008

DESOUZA LAW OFFICES
a professional corporation

By: _____
Jacqueline deSouza
Attorneys for Defendant
RWS ENTERPRISES WHICH WILL DO
BUSINESS IN CALIFORNIA AS KIDDIE
KANDIDS, INC.

1   DESOUZA LAW OFFICES, a professional corporation
      JACQUELINE DESOUZA, State Bar No.:133686

2   PAMELA F. ELLMAN, State Bar No.:164574
      2397 Shattuck Avenue, Suite 202

3   Berkeley, CA 94704
      Telephone:  (510) 649-3420

4   Facsimile:   (510) 649-1711

5   Attorneys for Defendant(s):
      RWS  ENTERPRISES WHICH WILL DO BUSINESS

6   IN CALIFORNIA AS KIDDIE KANDIDS, INC

7

8                 SUPERIOR COURT OF CALIFORNIA

9              IN AND FOR THE COUNTY OF ALAMEDA

10

11   JACQUELYN HARRIS, LORA MOTE, and     Case No. RG 08364316
      COURTNEY COLIANNA, on behalf of

12   themselves and all others similarly situated,    Proof Of service

13             Plaintiffs,           Complaint Filed: January 4, 2008

14

15        vs.

16   RWS ENTERPRISES WHICH WILL DO
      BUSINESS IN CALIFORNIA AS KIDDIE

17   KANDIDS, INC, and DOES 1 through 50,
      inclusive,

18
             Defendants.

19

20

21   _____/

22   I declare:

23   I am over the age of 18, not a party to this action, and am employed in Alameda County at 2397
      Shattuck Avenue, Suite 202, Berkeley, California 94704.

24   On February 7, 2008, I served true and correct copies of the following documents:

25   NOTICE TO COURT OF REMOVAL; ANSWER

26

27   upon the following party[ies] or their counsel:

28

1

**Attorneys for Plaintiffs**
Randall Crane

2    Law Offices of Randall Crane
10 Grand Avenue, suite 1550

3    Oakland, CA 94612

4    [ ] **By U.S. Mail**: I am readily familiar with my employer's business practices for collection and processing of mail with the U.S. Postal Service. I served the documents listed above on the parties

5    named above by, following ordinary business practices, placing true copies of these documents in sealed and addressed envelope(s), with postage pre-paid, for collection at a mail box maintained by the

6    U.S. Postal Service or at a location at my employer's business where mail is regularly collected to be deposited in a mail box maintained by the U.S. Postal Service. In the usual course of business, mail

7    deposited at my employer's central location is deposited with the U.S. Postal Service on the day deposited. (Cal. Code Civ. Proc. § 1013, subd. (a).)

8

9    [ ] **By Express Mail**: I am readily familiar with my employer's business practices for collection and delivery of documents by express delivery. I served the documents listed above on the parties named

10   above by, following ordinary business practices, placing true copies of these documents in sealed and addressed envelope(s), with express mail postage pre-paid, for collection by FedEx at a location maintained by FedEx. In the usual course of business, envelopes deposited with FedEx are collected

11   for express delivery, overnight or two-day as may be designated, on the day deposited. (Cal. Code Civ. Proc. § 1013, subd. (c).)

12

13   [ ] **By Fax**: I am readily familiar with my employer's business practices for delivery of documents by fax. In the ordinary course of business, using fax number (510) 649-1711, I served true copies of the documents listed above by transmitting them to the parties' fax numbers listed above. The fax

14   machine I used complied with California Rules of Court, rule 2.301, and no error in transmission was reported by the machine. Pursuant to California Rules of Court, rule 2.306, subd. (h), and as is the

15   custom and practice of our firm, I printed a transmission record, a copy of which is attached to this declaration.

16

17   [ X ] **By Personal Service**: By depositing for personal delivery the documents listed above with One Hour Legal Services for hand delivery to the parties at the addresses listed above.

18   [ ] **By Email**: Using email address jdesouza@dlawcorp.com, I served the documents listed above by transmitting them to the parties' email addresses listed above. The email addresses I used complied

19   with California Rules of Court, rule 2.260, and no error in transmission was reported.

20   I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct. Executed in Berkeley, California.

21

22   DATED: February 7, 2008        _____

23                                         Jacqueline deSouza

24

25

26

27

28

<u>**ALL-PURPOSE PROOF OF SERVICE**</u>

I declare as follows:

I am over age 18, not a party to this action, and am employed in Alameda County at Desouza Law Offices PC located at 2397 Shattuck Avenue, Suite 202, Berkeley, CA 94704. On February 7, 2008, I served a copy(ies) of the following document(s):

DEFENDANT's NOTICE OF REMOVAL
on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

<u>ATTORNEY FOR PLAINTIFF</u>:
Randall Crane
Law Offices of Randall Crane
180 Grand Avenue, Suite 1550
Oakland, CA 94612

☐    (BY MAIL)   Following ordinary business practices, I placed for collection and delivery by U.S. mail at the address listed above the item(s) listed above in a sealed envelope(s), with postage fully prepaid and addressed to the parties listed above.  I am familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service and, in the ordinary course of business, the correspondence would be picked up for delivery on the same day it was left for collection.

☐    (BY OVERNIGHT DELIVERY)   Following ordinary business practices, I placed for collection and delivery by overnight mail at the office of DESOUZA LAW OFFICES, PC, located at the address listed above, copies of the above items in sealed envelope(s), label imprinted with our account number for payment, and addressed to the parties listed above.  I am familiar with the business practice for collection and processing of correspondence for delivery by overnight mail with Federal Express and, in the ordinary course of business, the correspondence would be picked up by Federal Express on the day indicated below for delivery the following business day, or the day thereafter.

☐    (BY FACSIMILE)    Following our ordinary business practices, I placed for facsimile delivery by DESOUZA LAW OFFICES, PC a copy of the above items in our facsimile machine. I am familiar with the business practice for faxing documents and, in the ordinary course of business, dialed counsel's fax number and faxed the above-referenced documents to counsel as indicated above.  In the normal course of our business operations, our fax machine confirms that faxes are delivered.   I obtained such a fax confirmation for each person identified above.

☐    (BY HAND DELIVERY)    Following our ordinary business practices, I provided the documents identified above to One Hour Legal Services for hand delivery upon the party located at the address identified above on this date.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the above is true and correct.  Executed in Berkeley, California.

DATED: February 7, 2008          By: _____
                                      Jacqueline deSouza