1  Randall Crane (SBN 56806)
   Leonard Emma (SBN 224483)
2  LAW OFFICE OF RANDALL CRANE
   180 Grand Ave., Suite 1550
3  Oakland, CA 94612
   Telephone: (510) 465-4606
4  Facsimile: (510) 465-4643

5  Attorneys for Plaintiffs

6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8

9  JACQUELYN HARRIS, LORA MOTE, and          )  Case No.: C 08-00852 PJH
   COURTNEY COLIANNA, on behalf of           )  Honorable Phyllis J. Hamilton
   themselves and all others similarly situated, )
10                                            )  **CLASS ACTION**
                                              )
11                Plaintiffs,                 )  **MEMORANDUM OF POINTS AND**
                                              )  **AUTHORITIES IN SUPPORT OF**
12                v.                          )  **PLAINTIFFS' MOTION TO REMAND**
                                              )  **TO STATE COURT**
13 RWS ENTERPRISES WHICH WILL DO             )
   BUSINESS IN CALIFORNIA AS KIDDIE          )  **JURY TRIAL DEMANDED**
14 KANDIDS, INC., and DOES 1 through 50,     )
   inclusive,                                 )  **HEARING:**
15                                            )  **Date:** April 2, 2008
                Defendants.                   )  **Time:** 9:00 a.m.
16                                            )  **Judge:** Honorable Phyllis J. Hamilton
                                              )
17                                            )  **Action Filed: January 4, 2008**
                                              )
18 ─────────────────────────────────────────)

19                            **FACTS**

20 1.      Defendant Kiddie Kandids ("Defendant" and/or "Kiddie Kandids") owns and operates

21 photo studios in shopping malls and other locations throughout the State of California, including

22 within the County of Alameda. (Declaration Lora Mote, ¶ 2)

23 2.      Plaintiffs Jacquelyn Harris, Lora Mote, and Courtney Colianna ("Named Plaintiffs") are

24 residents of the State of California who have worked and/or continue to work as store managers

25 for Defendant. (Declaration Lora Mote, ¶ 3)

3.      On or about January 4, 2008, Named Plaintiffs filed a class action complaint against Defendant in the Superior Court of California, Alameda County (the "Complaint").  (Declaration Randall Crane, ¶ 2)

4.      The Complaint alleges violations of the California Labor Code and California Business and Professions Code; the Complaint does not allege violations of federal law.  (Declaration Randall Crane, ¶ 3)

5.      The Complaint neither seeks a specific amount of money nor specifies a dollar value for the damages sustained.  (Declaration of Randall Crane, ¶ 4)

6.      As defined in the Complaint, the class members are "all of Defendant's employees who, at any time within the four years prior to filing . . . were classified by Defendant as 'managers' or a similar or equivalent designation, and who were deemed by Defendant as exempt from receiving overtime compensation, yet who did not customarily and regularly direct the work of two or more other employees or who otherwise did not meet the legal definition for overtime exemption under California law."  The Complaint does not make claims concerning any of Defendant's employment practices outside the Sate of California.  (Declaration of Randall Crane, ¶ 5)

7.      Defendant operates 31 different store locations in the State of California and employs one "manager" at each store.  The proposed class therefore consists, at most, of the 31 current managers plus any other individual who worked as a manager within the four years preceding the filing of this complaint.  Even given a high manager turnover rate, the upper limit of the class is 50 people.  (Declaration of Lora Mote, ¶ 4; Declaration of Randall Crane, ¶ 6)

8.      Many of Defendant's store locations within California have opened within the last four years.  Therefore, many proposed class members have not been employed during the entire four-year class period, which commences on January 8, 2004.  (Declaration of Lora Mote, ¶ 5; Declaration of Randall Crane, ¶ 7)

9.      As "manager" employees of Defendant, Plaintiffs and proposed class members earn

between $20,000 and $40,000 per year.  During the class period (January 2004 through present), most managers earned less than $30,000 per year.  (Declaration of Lora Mote, ¶ 6)

10.    Plaintiff Lora Mote was Defendant's highest paid manager, earning approximately $39,000 per year.  (Declaration of Lora Mote, ¶ 7)

11.    In its Notice of Removal Defendant alleged diversity jurisdiction.  Using Plaintiff Lora Mote as an example, Defendant assigned hypothetical dollar values to her claims and alleged her damages to be approximately $43,000.  Defendant failed to provide any explanation as to how or why it was applying certain dollar values to her claims.  (Declaration of Randall Crane, ¶ 8)

12.    In its Notice of Removal, Defendant further estimated $35,000 in attorney's fees for each Plaintiff, bringing total damages for Plaintiff Lora Mote to approximately $78,000.  Per this "estimate," Plaintiffs' attorney's fees comprise 45% of the total damages award.  (Declaration of Randall Crane, ¶ 9)

13.    In class actions, attorney's fees range from 20-33%.  (Declaration of Randall Crane, ¶ 10)

## DISCUSSION

### I.    SUMMARY OF ISSUES

This case should be remanded to state court because Defendant has not established diversity jurisdiction by a preponderance of the evidence.  Defendant's Notice of Removal is lacking in key respects:

A.    Defendant provides no factual support for its estimate that Plaintiff Lora Mote's claims are valued at $43,000.  Instead, Defendant alleges the ultimate facts themselves (the amount in controversy) by arbitrarily assigning values to Plaintiff Mote's claims without reference to any facts.  Conclusory allegations regarding the amount in controversy do not meet the preponderance of the evidence standard for removal and constitute grounds for remand.

B.    In order to reach this Court's jurisdictional limit of $75,000, Defendant awards a hypothetical $35,000 in attorney's fees to Plaintiff Lora Mote.  When viewed in the context of Defendant's damages estimate of $43,000, a $35,000 attorney's fees award represents 45% of

her total recovery. This estimate is entirely hypothetical and represents an award that is excessive and unprecedented in class action jurisprudence. Attorney's fees in class actions are in the 20-33% range and, at most, one-third in exceptional cases. Unrealistic speculations cannot meet the burden of proof and constitute grounds for remand.

C.    In the universe of wage and hour class actions, this is a small case consisting of, at most, 50 class members, all of whom are California citizens and worked for Defendant at stores located within the State of California. The Complaint alleges violations of California laws only. Under 28 U.S.C. § 1332(d)(4), the Court is required to decline jurisdiction under CAFA when more than two-thirds of the members of all proposed plaintiff classes are citizens of the State in which the action was originally filed. Although Defendant Kiddie Kandids appears to be alleging diversity pursuant to § 1332(a), the same factors and rationale exist in this case. This case was filed in state court where it belongs and should be remanded.

## II.    LEGAL ANALYSIS

### A.    <u>Strong Presumption Against Removal</u>

The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). Title 28 U.S.C. section 1447(c) gives a federal court authority to remand a case to state court for lack of subject matter jurisdiction.

### B.    <u>Defendant Must Establish by a Preponderance of the Evidence That the Amount in Controversy is at Least $75,000</u>

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdiction requirement. If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support the jurisdiction, including jurisdictional amount." [Citation omitted] <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).

In this case, "[t]he Complaint does not plead a specific amount of damages." (Notice of Removal, p. 3, line 1) Because the Complaint does not allege a specific amount of damages, Defendant Kiddie Kandids must establish diversity jurisdiction by a preponderance of the

evidence. <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996) ("in cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount").

In light of the above, the overwhelming authority asserts that the party asserting jurisdiction must offer facts into evidence which make it "more probable than not" that the amount claimed is in excess of the jurisdictional limit. Defendant Kiddie Kandids offers no facts regarding the amount in controversy and thus fails to meet this standard.

**III.    THIS CASE SHOULD BE REMANDED**

    **A.    <u>Defendant Does Not Know the Amount in Controversy</u>**

Defendant acknowledges that it "has not finally determined the amount claimed by each Plaintiff." (Notice of Removal, p. 3, lines 10-11)  Thus, everything that Defendant claims regarding the amount in controversy is pure speculation and conjecture.

Defendant Kiddie Kandids removed this action and answered Plaintiffs' complaint simultaneously.  Neither Plaintiffs nor Defendant have taken any depositions or propounded any discovery whatsoever.  Defendant has not filed any supporting declarations in support of removal.  At this point, Defendant's factual allegations regarding damages estimates and attorney's fees are pure conjecture and so speculative that they do not even begin to meet the preponderance of the evidence burden to support removal.

    **B.    <u>Defendant's Damages Estimate of $43,000 is Conclusory, Not Based Upon Fact and Cannot Meet the Preponderance of Evidence Standard</u>**

Defendant states that its "preliminary analysis indicates that the potential exposure to Plaintiff Lora Mote totals approximately $43,000." Notice of Removal, p. 3, lines 11-12. Defendant then breaks down Ms. Mote's claim as follows:  "$4,000 for failure to provide accurate itemized wage statements clam [sic.]; $17,250 for failure to provide adequate meal periods claim; $17,250 for failure to provide adequate rest breaks claim; and $4,550 for failure to

pay wages upon termination claim." Notice of Removal, p. 3, lines 12-15. This is the full extent of Defendant's allegations regarding the amount in controversy -- a few conclusory numbers that Defendant has arbitrarily chosen to assign to Plaintiff Mote's claims. Defendant completely fails to explain how it arrives at any of these estimates. In the context of removal based on diversity, dollar amounts are the ultimate facts and cannot be alleged in a vacuum.

In Garza v. Bettcher Industries, Inc., 752 F.Supp. 753 (E.D.Mich. 1990), the court held that the defendants' failure in its removal petition to introduce evidence supporting its assertion regarding the amount in controversy should provoke sua sponte remand.

> [T]he Court finds that it was fully within its authority, under 28 U.S.C. §1447(c), to remand this case to state court because of the lack of anything other than conclusory allegations in the original removal petition. Defendants' counsel, and other similarly situated, are hereby forewarned that the Court will continue to adhere to this procedure in the future. Id. at 764

In Johnson v. Wal-Mart Stores, Inc., 248 F.Supp. 351 (N.D.Okla. 1991), conclusory allegations of damages figures were not sufficient to establish diversity jurisdiction absent allegations pertaining to underlying facts of Plaintiffs' claims.

In this case, Defendant Kiddie Kandids has failed to meet its burden of proof because it has alleged nothing more than ultimate facts regarding the amount in controversy.

C.    **Defendant's Attorney's Fees Estimate of $35,000 is Hypothetical, Excessive, Unprecedented and Cannot Meet the Preponderance of the Evidence Standard**

Defendant alleges that "the claim for attorneys' fees for prosecuting Plaintiff Lora Mote's claims will easily exceed $35,000." Notice of Removal, p. 3, lines 15-16. When added to the $43,000 damages estimate, this figure conveniently brings Defendant's total figure to $78,000 -- just a hair above the $75,000 threshold for diversity jurisdiction. However, Defendant's attorney's fees estimate of $35,000 for Plaintiff Mote is both arbitrary and hypothetical as this case has only just begun. All we have in this case at this point is a complaint, answer and notice of removal. Defendant presents no factual evidence supporting $35,000 in attorney's fees.

Defendant Kiddie Kandids may not aggregate class-wide fees and attribute them

exclusively to Plaintiff Mote for the purposes of establishing diversity jurisdiction. General

principles disfavoring the aggregation of separate and distinct interests apply to the aggregation

of attorney's fees. <u>Kanter v. Warner-Labert Co.</u>, 265 F.3d 853 (9th Cir. 2001); <u>Gibson v.</u>

<u>Chrysler Corp.</u>, 261 F.3d 927 (9th Cir. 2001), cert. denied, 534 U.S. 1104 (2002). When each

class member could separately be awarded attorney's fees, as they can pursuant to California

Labor Code §1194, any award of attorney's fees to a prevailing class must be attributed pro rata

among all class members, rather than only to the named plaintiffs. <u>Morrison v. Allstate Indem.</u>

<u>Co.</u> 228 F.3d 1255 (11th Cir. 2000).

> When a class action suit causes a fund to be created and conferred on an
> ascertainable class and a means exists for spreading the cost of attorney's fees
> among the benefited class members, class counsel is entitled to a reasonable fee
> from the fund created. Thus, when a common fund is created, an attorney's fee is
> deducted from the total fund or from each one's share of the fund so that all class
> members proportionately share this burden. (Conte, <u>Attorney Fee Awards, 3d</u>
> (Thompson-West) §1:3 at p. 9)

Using Defendant's figures, an attorney's fees award of $35,000 represents 45% of

Plaintiff Mote's estimated total claim of $78,000 -- an excessive and unprecedented award in

class action jurisprudence. Extrapolating Defendant's figures for Plaintiff Mote, and assuming a

class of 50 members, the total class recovery in this case would be $3,900,000, of which

$2,150,000 would be split among the 50 class members and the remaining $1,750,000 would be

paid in attorney's fees. Such a result grossly deviates from established fees principles.

"[C]ommon fund fees in complex class action suits normally constitute 20 to 30% of the

class recovery, up to common funds of approximately $50 million." Conte, <u>Attorney Fee</u>

<u>Awards, 3d</u> (Thompson-West) §2:8 at 107. Ninth Circuit examples include <u>Roberts v. Heim</u>,

Fed. Sec. L. Rep. (CCH) P 96221, 1991 WL 427888 (N.D. Cal. 1991) ($17.75 million class

recovery; 30% fee awarded); <u>Kirkorian v. Borelli</u>, 695 F. Supp. 446, Fed. Sec. L. Rep. (CCH) P

93782 (N.D. Cal. 1988) (securities/common fund) (quoting Attorney Fee Awards

(Shepard's/McGraw-Hill 1986)); <u>In re Wickes Cos. Sec. Litig.</u>, *MDL 513* (S.D. Cal. 1985) ($32

million class recovery, fee of 22.8% awarded); <u>In re Itel Sec. Litig.</u>, *No. C-79-2168A* (N.D. Cal.

1   1983) ($50 million class recovery, 25% fee awarded).  In re Intermec Corp. Securities Litigation,

2   Fed. Sec. L. Rep. (CCH) P 96858, 1992 WL 203800 (W.D. Wash. 1992) (25%).

3     "The median of this usual range is 25% . . . [t]his median 25% figure can be considered

4   by courts in their discretion as a reasonable and convenient starting point (norm) for common-

5   fund fee awards from which deviations should be made as the court considers various relevant

6   fee-determination factors."  Conte, Attorney Fee Awards, 3d (Thompson-West) §2:8 at 113.

7   Stated another way, "[f]ee awards in class actions suits resulting in a common fund should

8   normally fall within the usual 20 to 30% approximate range regardless of the time expended,

9   unless individual circumstances or special considerations suggest otherwise."  Conte, Attorney

10  Fee Awards, 3d (Thompson-West) §2:8 at 123.  Defendant has presented no evidence of

11  individual circumstances or special considerations warranting a deviation from the norm of 25%

12  in attorney's fees.  45% in attorney's fees requires at least some factual basis or explanation.

13  This is a relatively small, garden-variety wage and hour dispute.  The relative "smallness" of this

14  case is demonstrated by the fact that Defendant has not alleged diversity jurisdiction pursuant to

15  CAFA (28 U.S.C. § 1332(d)), which would require a total amount in controversy of at least $5

16  million.

17    The bottom line is that attorneys' fees in class action lawsuits rarely exceed one-third of

18  the total recovery.  Even if the Court was to accept Defendant's unsubstantiated $43,000 in

19  damages, a generous one-third analysis yields attorney's fees of $21,500 and total damages of

20  $64,500, which is more than $10,000 below the Court's jurisdictional limit.  This case should

21  therefore be remanded.

22    **D.**  **This Case Does Not Pose a Federal Question**

23    Defendant has not alleged the existence of a federal question pursuant to 28 U.S.C. §

24  1331, thus no federal question basis for jurisdiction exists.

25  *//*

E.     **All Class Members are Citizens of the State of California**

Under 28 U.S.C. § 1332(d)(4), the Court is required to decline jurisdiction under CAFA when more than two-thirds of the members of all proposed plaintiff class are citizens of the State in which the action was originally filed. Although Defendant Kiddie Kandids appears to be alleging diversity pursuant to § 1332(a), the same factors and rationale are present in this case.

F.     **The Damages of Plaintiff Mote Are Greater Than Any Other Class Member Yet Still Do Not Meet the Jurisdictional Limit**

In its Notice of Removal, Defendant requests that this Court exercise jurisdiction over Plaintiff Mote's claim as well as the claims of approximately 50 other class members. The damages suffered by Plaintiff Mote are likely to be greater than any other class member as Plaintiff Mote was Defendant's highest paid manager. Most other managers were paid far less and most did not work for Defendant nearly as long as Plaintiff Mote. As such, their wage and hour damages will be less than Plaintiff Mote's. Since Defendant cannot establish by a preponderance of the evidence that Plaintiff Mote's damages exceed the minimum jurisdictional requirement, then Defendant cannot establish the amount in controversy for any class member. This Court must therefore decline to exercise jurisdiction remand the case.

G.     **Defendant Is Not An Expert Qualified to Give an Opinion and Has Presented No Admissible Evidence**

Defendant's Notice of Removal contains no supporting declarations or other factual allegations set forth under oath other than counsel's allegations regarding the amount in controversy. Defendant's Notice of Removal Defendant relies solely on general statements made by counsel as to ultimate facts. Neither Defendant nor Defendant's counsel has been qualified by the Court as a statistician or liability expert in wage and hour class action litigation in California. Non-expert beliefs or opinions as to ultimate facts are not admissible, especially when they can be presented in a non-conclusory and simplified form. For example, unpaid overtime damages necessarily involve a calculus taking into account the number of hours worked, the amount paid, the hourly rate of pay, etc. No such evidence has been presented to the

1  Court. We only get opinion testimony from Defendant's counsel. Defendant and/or Defendant's

2  counsel regarding this matter are simply too biased to be taken seriously. As such, Defendant

3  cannot meet the preponderance of the evidence standard and this case should be remanded.

### CONCLUSION

5      This is relatively small, garden-variety wage and hour dispute. All Named Plaintiffs and

6  putative class members are citizens of the State of California alleging violations of California

7  law. Defendant has a total of 31 stores in California. The entire class is not likely to exceed 50

8  members. There is no federal question presented in this case so Defendant has removed this case

9  on basis of diversity. However, there is strong presumption against removal and Defendant has

10  not met its burden of proof. Defendant has failed to establish by a preponderance of the evidence

11  that the amount in controversy exceeds $75,000 for Plaintiff Mote or for any other Plaintiff or

12  class member. Defendant has only alleged ultimate facts based on hypothesis, conjecture and

13  speculation. This does not meet the preponderance of the evidence standard for removal based

14  on diversity jurisdiction. For the reasons set forth herein, this case should be remanded to the

15  California Superior Court.

16  Dated: February 24, 2008          LAW OFFICE OF RANDALL CRANE

17

18

19                  Randall Crane

20                  Attorney for Plaintiffs

21

22

23

24

25