1  Randall Crane (SBN 56806)
   Leonard Emma (SBN 224483)
2  LAW OFFICE OF RANDALL CRANE
   180 Grand Ave., Suite 1550
3  Oakland, CA 94612
   Telephone:  (510) 465-4606
4  Facsimile:  (510) 465-4643

5  Attorneys for Plaintiffs

6                    UNITED STATES DISTRICT COURT

7                  NORTHERN DISTRICT OF CALIFORNIA

8

9  JACQUELYN HARRIS, LORA MOTE, and       )   Case No.:  C 08-00852 PJH
   COURTNEY COLIANNA, on behalf of        )   Honorable Phyllis J. Hamilton
   themselves and all others similarly situated, )
10                                         )
                                           )   **CLASS ACTION**
11            Plaintiffs,                  )
                                           )   **DECLARATION OF RANDALL CRANE**
12            v.                           )   **IN SUPPORT OF PLAINTIFFS' MOTION**
                                           )   **TO REMAND TO STATE COURT**
13 RWS ENTERPRISES WHICH WILL DO          )
   BUSINESS IN CALIFORNIA AS KIDDIE        )   **JURY TRIAL DEMANDED**
14 KANDIDS, INC., and DOES 1 through 50,   )
   inclusive,                              )   **HEARING:**
15                                         )   **Date:**  April 2, 2008
              Defendants.                  )   **Time:**  9:00 a.m.
16                                         )   **Judge:**  Honorable Phyllis J. Hamilton
                                           )
17                                         )   **Action Filed:  January 4, 2008**
   _____ )

18

19 I, RANDALL CRANE, do hereby declare and state as follows:

20 1.     I am an attorney licensed to practice before the Courts of the State of California.  I am

21 admitted to practice before the United States District Court for the Northern District of

22 California.  I am a partner at the Law Office of Randall Crane, the attorney of record for

23 Plaintiffs herein.  This declaration is submitted in support of Plaintiffs' Motion to Remand to

24 State Court.

25 2.     On or about January 4, 2008, Named Plaintiffs filed a class action complaint against

   Defendant in the Superior Court of California, Alameda County (the "Complaint").  A true and

   _____
              DECLARATION OF RANDALL CRANE IN SUPPORT OF
            PLAINTIFFS' MOTION TO REMAND TO STATE COURT
                              - 1 -

correct copy of the Complaint is attached hereto as Exhibit 1.

3.    The Complaint alleges violations of the California Labor Code and California Business and Professions Code; the Complaint does not allege violations of federal law. (Exhibit 1)

4.    The Complaint neither seeks a specific amount of money nor specifies a dollar value for the damages sustained. (Exhibit 1)

5.    As defined in the Complaint, the class members are "all of Defendant's employees who, at any time within the four years prior to filing . . . were classified by Defendant as 'managers' or a similar or equivalent designation, and who were deemed by Defendant as exempt from receiving overtime compensation, yet who did not customarily and regularly direct the work of two or more other employees or who otherwise did not meet the legal definition for overtime exemption under California law." (Exhibit 1, page 2, ¶ 3) The Complaint does not make claims concerning any of Defendant's employment practices outside the Sate of California.

6.    Based on the Declaration of Lora Mote, Defendant operates 31 different store locations in the State of California and Defendant employs one "manager" at each store. The proposed class therefore consists of the 31 current managers, plus any other individual who worked as a manager within the four years preceding the filing of this complaint. Even given a high manager turnover rate, the upper limit of the class is 50 people.

7.    Based on the Declaration of Lora Mote, many of Defendant's store locations within California have recently opened. Many proposed class members have therefore been employed for only a portion of four-year class period, which commences on January 8, 2004.

8.    In its Notice of Removal Defendant alleged diversity jurisdiction. Using Plaintiff Lora Mote as an example, Defendant assigned dollar values to her claims and alleged her damages to be approximately $43,000. Defendant failed to provide any explanation as to how or why it was applying certain dollar values to her claims.

9.    In its Notice of Removal, Defendant further estimated $35,000 in attorney's fees for each Plaintiff, bringing total damages for Plaintiff Lora Mote to approximately $78,000. Per this

1   "estimate," Plaintiffs' attorney's fees comprise 45% of the total damages award.

2   10.     In class actions, attorney's fees range from 20-33%.

3           I declare under penalty of perjury under the laws of the State of California and the United

4   States of America that the foregoing is true and correct.

5           Executed this 25ᵗʰ day of February, 2008, at Oakland, California.

6

7

8                                                    _____
                                                     Randall Crane
9                                                    Declarant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 1

1    Randall Crane (SBN 56806)
     Leonard Emma (SBN 224483)
2    LAW OFFICE OF RANDALL CRANE
     180 Grand Ave., Suite 1550
3    Oakland, CA 94612
     Telephone:  (510) 465-4606
4    Facsimile:  (510) 465-4643

5    Michael Adams (SBN 47278)
     LAW OFFICE OF MICHAEL ADAMS
6    700 Marshall Street, Suite 300
     Redwood City, CA 94063
7    Telephone:  (650) 599-9463
     Facsimile:  (650) 599-9785

8

     Attorneys for Plaintiffs
9

                ENDORSED
                 FILED
              ALAMEDA COUNTY

                 JAN 0 4 2008

         CLERK OF THE SUPERIOR COURT
            By Tasha Perry, Deputy

                SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                  IN AND FOR THE COUNTY OF ALAMEDA
11

12   JACQUELYN HARRIS, LORA MOTE, and      )   Case No.:      0 8 3 6 4 3 1 6
     COURTNEY COLIANNA, on behalf of       )
13   themselves and all others similarly situated,   )   **CLASS ACTION**
                                           )
14             Plaintiffs,                 )   **COMPLAINT FOR FAILURE TO PAY**
                                           )   **OVERTIME WAGES, FAILURE TO**
15                                         )   **PROVIDE ACCURATE ITEMIZED**
               v.                          )   **WAGE STATEMENTS, FAILURE TO**
16                                         )   **PROVIDE MEAL AND REST BREAKS,**
     RWS ENTERPRISES WHICH WILL DO         )   **INJUNCTIVE COMPLIANCE WITH**
17   BUSINESS IN CALIFORNIA AS KIDDIE      )   **CALIFORNIA LABOR CODE,**
     KANDIDS, INC., and DOES 1 through 50, )   **UNLAWFUL BUSINESS PRACTICES**
18   inclusive,                            )   **AND FAILURE TO TIMELY PAY FINAL**
                                           )
19             Defendants.                 )   **JURY TRIAL DEMANDED**
                                           )
20   ─────────────────────────────────────

21   Plaintiffs JACQUELYN HARRIS, LORA MOTE, and COURTNEY COLIANNA, on behalf of

22   themselves and all others similarly situated, and on behalf of the general public allege:

23                              **PARTIES**

24   1.       JACQUELYN HARRIS, LORA MOTE, and COURTNEY COLIANNA (hereinafter

25   referred to as "Named Plaintiffs"), were at all relevant times herein employed by DEFENDANT

     ───────────────────────────────────────────────────────────────
     CLASS ACTION COMPLAINT FOR VIOLATION OF LABOR LAWS AND UNLAWFUL BUSINESS PRACTICES
                                   - 1 -

1    RWS ENTERPRISES WHICH WILL DO BUSINESS IN CALIFORNIA AS KIDDIE

2    KANDIDS, INC. (hereinafter "Defendant" and/or "Kiddie Kandids") as store managers.

3    2.      Defendant is a Nevada corporation that provides photography services to the general

4    public throughout the State of California, including in the County of Alameda.

5    3.      The CLASS ("Plaintiff Class") is defined as all of Defendant's employees who, at any

6    time within the four years prior to filing this complaint, were classified by Defendant as

7    "managers" or a similar or equivalent designation, and who were deemed by Defendant as

8    exempt from receiving overtime compensation, yet who did not customarily and regularly direct

9    the work of two or more other employees or who otherwise did not meet the legal definition for

10    overtime exemption under California law.  The Class and the Named Plaintiffs are hereinafter

11    collectively referred to as "Plaintiffs."

12    4.      The SUBCLASS ("Plaintiff Members of the Sub-Class") is defined as all of Defendant's

13    employees who, at any time within the four years prior to filing this complaint, were classified

14    by Defendant as "managers" or a similar or equivalent designation, and who were deemed by

15    Defendant as exempt from receiving overtime compensation, yet who did not customarily and

16    regularly direct the work of two or more other employees or who otherwise did not meet the

17    legal definition for overtime exemption under California law, and upon leaving employment,

18    were not paid all wages earned and owed to them.

19    5.      Named Plaintiffs bring this action on their own behalf, on behalf of the general public,

20    and on behalf of all "aggrieved persons" and all other persons similarly situated within the

21    Plaintiff Class of employees who were not paid as required by the California Labor Code and

22    who were employed by Defendant within the State of California at any time between the date

23    four years prior to the filing of this complaint and the date of entry of judgment after trial.

24    6.      Named Plaintiffs do not know the true names or capacities of Defendants sued herein as

25    Does 1 through 50, inclusive, and for that reason, Named Plaintiffs sue these Defendants by such

1  fictitious names. Named Plaintiffs will seek to amend this Complaint and include these Doe

2  Defendants' true names and capacities as soon as they can be reasonably ascertained. Each of

3  the fictitiously named Defendants is responsible in some manner for the conduct alleged herein

4  and for the injuries suffered by the Plaintiffs and the general public.

5  7.     Unless otherwise alleged in this complaint, Named Plaintiffs are informed and believe,

6  and on that basis allege that, at all times relevant herein, Defendants were each the agents and

7  employees of their co-defendants and in doing the things alleged in this complaint were acting

8  within the course and scope of that agency and employment.

9  <center>**CLASS ACTION ALLEGATIONS**</center>

10  8.     Named Plaintiffs bring this action on their own behalf and on behalf of all persons

11  similarly situated.

12  9.     The Plaintiff Class consists of all persons defined in paragraph 3, above.

13  10.    Named Plaintiffs are informed and believe that the class is so numerous that joinder is

14  impractical.

15  11.    There is a well-defined community of interest in the questions of law and fact affecting

16  the class of persons that Named Plaintiffs represent as a whole. Each member of the Plaintiff

17  Class was entitled to be paid in accordance with the provisions of the California Labor Code,

18  including but not limited to those provisions relating to payment of wages for hours worked,

19  payment of overtime wages, provision of mandated meal and rest breaks, indemnification for all

20  expenses and losses, and payroll deductions. Each member of the Plaintiff Class was not paid in

21  accordance with the provisions of the California Labor Code.

22  12.    Named Plaintiffs will fairly and adequately represent the interests of the Plaintiff Class

23  because Named Plaintiffs are members of the class and none of the Named Plaintiffs have an

24  interest that is antagonistic to the interests of the Plaintiff Class.

25  13.    The claims of Named Plaintiffs are typical of those of every other member of the Plaintiff

1    Class.

2    14.    Named Plaintiffs request permission to amend the complaint to include other individuals

3    as class representatives in the event that Named Plaintiffs, or any one of them, are deemed not to

4    be adequate representatives of the Plaintiff Class.

5    15.    Common questions of law and fact apply to all members of the Plaintiff Class as stated

6    herein so that a class action is superior to other forms of action.  A class action is superior to any

7    other form of action, because a representative action without the benefits of class certification

8    will not allow for a "fluid recovery" or *cy pres* relief, and individual actions could result in a

9    multiplicity of suits with inconsistent adjudications subjecting Defendants to multiple judgments

10   without the benefits of *res judicata* resolution.

11                                **GENERAL ALLEGATIONS**

12   16.    During the last four years, Defendant has misclassified many of its employees as being

13   exempt from receiving overtime pay because Defendant internally classifies them as "store

14   managers."  However, under California law, Plaintiffs do not meet the definition of an overtime

15   exempt employee and are entitled to receive overtime compensation.  As a result, Defendant has

16   failed to pay Plaintiffs for overtime hours actually worked.  This practice results in significant

17   financial damages to Plaintiffs.

18                                **FIRST CAUSE OF ACTION**
                                 **Failure to Pay Overtime Wages**
19                               **(Violation of Labor Code §1194)**

20   17.    Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

21   said allegations as if fully set forth herein.

22   18.    During the last four years, and at all relevant times in this Complaint, Plaintiffs were not

23   exempt from receiving overtime compensation.

24   19.    During the last four years, and at all relevant times in this Complaint, Defendant required

25   Plaintiffs to work in excess of 8 hours per day, and/or in excess of 40 hours per week in violation

1   of Labor Code §§ 510 and 1198, during which time Plaintiffs were required to be under the

2   direct control and supervision of Defendant.

3   20.    During the last four years, and at all relevant times in this Complaint, Plaintiffs were

4   entitled to receive one-and-one half times the hourly wage for each hour worked past 8 hours in

5   one day, one-and-one half times the hourly wage for each hour worked past 40 hours in one

6   week, and twice the hourly wage for each hour worked past 12 hours in one day and for hours

7   worked during the seventh consecutive workday.

8   21.    During the last four years, and at all relevant times in this Complaint, Defendant has

9   intentionally and improperly designated managers, including Plaintiffs, as "exempt" managers in

10  order to avoid payment of overtime wages and other benefits in violation of the Labor Code and

11  the IWC Wage Orders.

12  22.    Pursuant to Labor Code § 1194, Plaintiffs seek to recover in a civil action the unpaid

13  balance of the full amount of the unpaid overtime compensation, including interest thereon,

14  reasonable attorney's fees, and costs of suit.

15  23.    Plaintiffs further seek penalties for Defendant's overtime violations as provided by the

16  Labor Code.

17  WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter requested.

18                          **SECOND CAUSE OF ACTION**
                    **Failure to Provide Accurate Itemized Wage Statements**
19                          **(Violation of Labor Code §226)**

20  24.    Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

21  said allegations as if fully set forth herein.

22  25.    At all times herein relevant, Labor Code §226 and the IWC Wage Orders required

23  that employers provide employees with itemized wage statements showing total hours worked.

24  Labor Code §226(e) provided that if an employer knowingly and intentionally fails to provide a

25  statement itemizing the total hours worked by the employee, then the employee is entitled to

1  recover the greater of all actual damages or $50 for the initial violation and $100 for each

2  subsequent violation, up to $4,000, plus costs and reasonable attorney's fees.

3  26.        Defendant knowingly and intentionally failed to furnish Plaintiffs with timely,

4  itemized statements showing the total hours worked by each of them, as required by Labor Code

5  §226(a). As a result, Defendant is liable to Plaintiffs for the amounts provided by Labor Code

6  §226(e) for the applicable liability period prior to the filing of this Complaint, up to and

7  including the present.

8  WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter requested.

9                          **THIRD CAUSE OF ACTION**
                   **Failure to Provide Adequate Meal Periods**
10                  **(Violation of Labor Code §§ 226.7 and 512)**

11  27.        Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

12  said allegations as if fully set forth herein.

13  28.        At all times herein relevant, Labor Code §§ 226.7 and 512 and the IWC Wage Orders

14  provided that employees must receive a first meal period of not less than thirty (30) minutes

15  before working more than five (5) hours, and a second meal period of not less than thirty (30)

16  minutes before working more than ten (10) hours per day.

17  29.        Because Defendant failed to provide the required meal breaks, it is liable to Plaintiffs for

18  one (1) hour of additional pay at the regular rate of compensation for each workday that the

19  proper meal periods were not provided, pursuant to Labor Code §226.7 and IWC Wage Orders,

20  for the applicable liability period prior to the filing of this Complaint, up to and including the

21  present.

22  WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter requested.

23                          **FOURTH CAUSE OF ACTION**
                      **Failure to Provide Adequate Rest Breaks**
24                       **(Violation of Labor Code § 226.7)**

25  30.        Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

said allegations as if fully set forth herein.

31.    At all times herein relevant, Labor Code §§ 226.7 and the IWC Wage Orders provided that employees must receive rest periods of not less than ten (10) minutes for each four (4) hours of work.

32.    Because Defendant failed to provide the required rest breaks, it is liable to Plaintiffs for one (1) hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code §226.7 and IWC Wage Orders, for the applicable liability period prior to the filing of this Complaint, up to and including the present.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter requested.

### FIFTH CAUSE OF ACTION
#### Inunctive Complaince with the Business and Professions Code
(Violation of Business & Professions Code §17200)

33.    Plaintiffs hereby incorporate each and every allegation contained above, and re-allege said allegations as if fully set forth herein.

34.    At all material times, Plaintiffs are and were affected Plaintiffs with injuries in fact within the meaning of Business & Professions Code § 17204.

35.    Plaintiffs allege, on information and belief, that during the last four years and to the present date, Defendant has knowingly engaged in unlawful business practices and unlawful labor practices in committing the acts alleged herein.

36.    The acts of Defendant, as herein alleged, constitute unlawful, unfair and fraudulent business practices in that they deprive of lawfully earned wages in order to unfairly compete in the marketplace.

37.    Defendant's violations of California law, as alleged herein, constitute unlawful business practices because such violations were done in a systematic manner and under the color of a business decision to detriment of the Plaintiffs.

38.    Defendants' acts, as alleged herein, constitute acts of unfair competition within the meaning of Business and Professions Code §17203.  Plaintiffs are informed and believe and thereon allege that Defendant is currently engaged in and will continue to engage in the above-described unlawful acts unless the Court orders the Defendant to cease and desist.  As a result of the unfair business practices of Defendant alleged herein, Plaintiffs are entitled to injunctive relief as herein provided.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter requested.

### SIXTH CAUSE OF ACTION
### Unlawful Business Practices
### (Violation of Business & Professions Code §17200)

39.    Plaintiffs hereby incorporate each and every allegation contained above, and re-allege said allegations as if fully set forth herein.

40.    At all material times, Plaintiffs are and were affected Plaintiffs with injuries in fact within the meaning of Business & Professions Code § 17204.

41.    Plaintiffs allege, on information and belief, that during the last four years and to the present date, Defendant knowingly engaged in unlawful business practices and unlawful labor practices as described above to reduce their overall costs of doing business.

42.    The acts of the Defendant, as herein alleged, constitute unlawful, unfair and fraudulent business practices in that they deprive Plaintiffs of lawfully earned wages in order to unfairly compete in the marketplace.

43.    Defendant's violations of California law, as alleged herein, constitute unlawful business practices because such violations were done in a systematic manner and under the color of a business decision to the detriment of Plaintiffs.

44.    Defendant's acts, as alleged herein, are acts of unfair competition within the meaning of the Business and Professions Code § 17203.

45.    As a result of Defendant's unlawful, unfair, and fraudulent business practices, and unfair

1   competition within the meaning of Business and Professions Code § 17200 *et seq.*, Plaintiffs

2   have suffered the loss and enjoyment of their lawful property in the form of overtime wages and

3   other compensation earned and yet unpaid, in an amount to be proved a time of trial.

4   46.    As a result of the unfair business practices of Defendant as alleged herein, Plaintiffs are

5   entitled to restitution of their property.

6   47.    Plaintiffs have incurred and, during the pendency of this action, will continue to incur

7   expenses for attorneys' fees and costs herein.  Such attorneys' fees and costs are necessary for

8   the prosecution of this action and will result in a benefit to Plaintiffs and other individuals

9   lawfully classified as bona fide employees in California.  Plaintiffs are, therefore, entitled to

10  reasonable attorneys' fees as private attorneys general under California Code of Civil Procedure

11  § 1021.5.

<div align="center">

**SEVENTH CAUSE OF ACTION**
**Failure to Pay Wages Upon Termination**
**(Violation of Labor Code §201 *et seq.*)**

</div>

14  48.    Plaintiffs hereby incorporate each and every allegation contained above, and re-allege

15  said allegations as if fully set forth herein.

16  49.    Labor Code § 201 requires employers, including Defendant, to pay all wages earned and

17  unpaid immediately upon discharge or layoff of an employee.

18  50.    Labor Code § 202 requires employers, including Defendant, to pay all wages earned and

19  unpaid no later than 72 hours of receiving an employee's notice of intent to quit or immediately

20  at the time of quitting if the employee provided at least 72 hours notice of intent to quit.

21  51.    Plaintiff Members of the Sub-Class did not receive all wages earned and unpaid at the

22  time they were terminated or within 72 hours of giving notice of intent to quit.

23  52.    Plaintiff Members of the Sub-Class are still owed wages and premiums as described

24  herein.

25  53.    Defendant violated Labor Code §§201 or 202 and IWC Wage Orders when it failed to

1    pay all earned and unpaid wages to employees who were discharged or quit or were laid off,

2    including Plaintiff Members of the Sub-Class.

3    54.     As a consequence of violating Labor Code §201 or §202, Defendant is subject to all

4    applicable civil penalties including those specified pursuant to Labor Code §203. The exact

5    amount of the applicable penalty is in an amount to be proven at time of trial.

6                       **PRAYER FOR RELIEF**

7    WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

8    AS TO THE FIRST CAUSE OF ACTION:

9    1.     For compensatory damages in an amount according to proof at time of trial representing

10    the amount of unpaid overtime compensation owed to Plaintiffs for the applicable liability period

11    prior to the filing of this Complaint, up to and including the present;

12    2.     For interest calculated according to law on any overtime compensation due from the day

13    such amounts were due for the applicable liability period prior to the filing of this Complaint, up

14    to and including the present;

15    3.     For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Labor Code

16    § 1194(a) and CCP § 1021.5;

17    4.     For statutory interest and penalties.

18    AS TO THE SECOND CAUSE OF ACTION:

19    5.     For compensatory damages in an amount according to proof at time of trial to Plaintiffs

20    for failure to provide accurate, itemized wage statements during the applicable liability period

21    prior to the filing of this Complaint, up to and including the present;

22    6.     For the amounts provided by Labor Code §226(e) for the applicable liability period prior

23    to the filing of this Complaint, up to and including the present;

24    7.     For reasonable attorneys' fees and the costs of bringing this suit, pursuant to CCP §

25    1021.5;

1    8.    For statutory interest and penalties.

2    AS TO THE THIRD CAUSE OF ACTION:

3    9.    For compensatory damages in an amount according to proof at time of trial representing

4    the amount of unpaid compensation owed to Plaintiffs for inadequate meal periods during the

5    applicable period prior to the filing of this Complaint, up to and including the present;

6    10.    For reasonable attorneys' fees and the costs of bringing this suit, pursuant to CCP §

7    1021.5;

8    11.    For unpaid meal breaks pursuant to Labor Code §§ 226.7 and 512 and the IWC Wage

9    Orders for inadequate meal periods during the applicable period preceding the filing of this

10    Complaint, up to and including the present;

11    12.    For statutory interest and penalties.

12    AS TO THE FOURTH CAUSE OF ACTION:

13    13.    For compensatory damages in an amount according to proof at time of trial representing

14    the amount of unpaid compensation owed to Plaintiffs for inadequate rest periods during the

15    applicable period prior to the filing of this Complaint, up to and including the present;

16    14.    For reasonable attorneys' fees and the costs of bringing this suit, pursuant to CCP §

17    1021.5;

18    15.    For unpaid rest breaks pursuant to Labor Code §§ 226.7 and 512 and the IWC Wage

19    Orders for inadequate rest periods during the applicable period preceding the filing of this

20    Complaint, up to and including the present;

21    16.    For statutory interest and penalties.

22    AS TO THE FIFTH CAUSE OF ACTION:

23    17.    For an order requiring Defendant to show cause, if any, why it should not be enjoined as

24    set forth herein above, during and after the pendency of this action;

25    AS TO THE SIXTH CAUSE OF ACTION:

18.    For an order that Defendant pay restitution and/or disgorgement of sums to Plaintiffs for Defendant's past failure to pay wages in violation of the unfair competition laws, in an amount according to proof, for the four (4) years preceding the filing of this Complaint, up to and including the present;

AS TO THE SEVENTH CAUSE OF ACTION:

19.    For consequential damages according to proof as set forth in Labor Code §201, et seq. (and all applicable California IWC wage orders relating to wages due and owing);

20.    For reasonable attorney's fees, expenses and costs;

21.    For waiting time penalties pursuant to Labor Code § 203; and

22.    For interest accrued to date;

AS TO ALL CAUSES OF ACTION:

23.    For an order certifying the Class and any appropriate subclasses thereof, and appointing Named Plaintiffs and their counsel to represent the Class;

24.    For compensatory damages according to proof;

25.    For special damages according to proof;

26.    For injunctive relief requested herein;

27.    For an award of restitution and/or disgorgement according to proof;

28.    For the costs of bringing the suit;

29.    For reasonable attorney's fees;

30.    For statutory penalties; and

31.    For such other and further relief this Court may deem just and proper.

Dated:  December 19, 2007                    LAW OFFICE OF RANDALL CRANE

Randall Crane
Attorney for Plaintiffs

CLASS ACTION COMPLAINT FOR VIOLATION OF LABOR LAWS AND UNLAWFUL BUSINESS PRACTICES
- 12 -