DESOUZA LAW OFFICES, a professional corporation
JACQUELINE DESOUZA, State Bar No.:133686
PAMELA F. ELLMAN, State Bar No.:164574
2397 Shattuck Avenue, Suite 202
Berkeley, CA 94704
Telephone:  (510) 649-3420
Facsimile:   (510) 649-1711

Attorneys for Defendant(s):
RWS  ENTERPRISES WHICH WILL DO BUSINESS
IN CALIFORNIA AS KIDDIE KANDIDS, INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| JACQUELYN HARRIS, LORA MOTE, and COURTNEY COLIANNA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RWS ENTERPRISES WHICH WILL DO BUSINESS IN CALIFORNIA AS KIDDIE KANDIDS, INC, and DOES 1 through 50, inclusive,<br><br>Defendant. | STIPULATED PROTECTIVE ORDER<br><br><br><br>**Case No. C08 00852 PJH** |

   Based upon the stipulation of the parties for entry of a protective order, and good cause

appearing, the Court herein enters the following Protective Order:

{JDS8301.DOC}

1. DEFINITIONS

    1.1 "Material" refers to any document, data compilation, or other information in any form produced or disclosed in settlement negotiations in this action (including copies), and whether by a party or non-party.

    1.2 Material may be designated "CONFIDENTIAL" if the Designating Party in good faith believes that disclosure of such Material in this case without the designation may present a risk of injury to the legitimate business interests of the Disclosing Party or any other legitimate interest. Confidential information includes, but is not limited to, trade secrets (as trade secrets are defined by applicable Utah or California law), all Materials reflecting, referring to or evidencing any information deemed confidential by any local, state, or federal statute, ordinance, regulation, or other law, business plans or forecasts, financial plans and forecasts, operational plans and forecasts, and all private or sensitive commercial, financial, personal or personnel, underwriting, rating, claims and insurance policy information. Confidential information may take the form of, but is not limited to: (a) documents; and (b) all copies, abstracts, excerpts, analyses, and complete or partial summaries prepared from or containing, reflecting, or disclosing such confidential information. CONFIDENTIAL Material may not be disclosed to any person or entity, other than those enumerated in Section 4.1.5 below.

    1.3 A party may also designate Material as "SENSITIVE." SENSITIVE Material must meet the CONFIDENTIAL designation requirements of Section 1.2 and must be so proprietary or competitively sensitive that its disclosure to persons other than those enumerated in Section 4.1.6 below could cause irreparable competitive or other injury to one of the parties or to a competitor of one of the parties (for instance, by giving one of the parties a competitive advantage). Sensitive Material specifically includes financial statements, audited and unaudited, of Defendant Kiddie Kandids, its parent, subsidiaries and affiliates.

    1.4 "Disclosing Party" refers to a party or non-party to this action who produces Material.

    1.5 "Designating Party" refers to a party or non-party to this action who designates Material as CONFIDENTIAL or SENSITIVE.

    1.6 "Receiving Party" refers to a party who receives Material.

2. SCOPE OF PROTECTIVE ORDER

    2.1 Except as the parties may otherwise agree or the Court may order, Material produced, whether or not designated CONFIDENTIAL or SENSITIVE, including any excerpt, analysis, summary, or description of it, shall be used solely for the purpose of settlement discussions in the above-captioned action, but for no other purpose.

    2.2    This Order shall govern all Material produced in this action in the context of settlement discussions, including Material produced prior to entry of this Order.

    2.3    The protections of this Order shall not apply to Material that, prior to disclosure in this action, was within the actual possession or knowledge of a Receiving Party but was not subject to any confidentiality obligation between the parties, or was actually public knowledge, provided that the Material did not become public knowledge through an act or omission of a Receiving Party.  However, Material that was in the hands of the Receiving Party prior to disclosure in this action and that was subject to a confidentiality obligation between the parties shall be made subject to this Order.  Any party who claims that the Material was, prior to disclosure in this action, within its actual possession or knowledge and was not subject to a confidentiality obligation or was public knowledge shall have the burden of proving the fact.

3.    <u>DESIGNATION OF MATERIAL AS CONFIDENTIAL</u>

    3.1    <u>General Provisions</u>

        3.1.1    A Disclosing Party may designate Material as CONFIDENTIAL or SENSITIVE only if the Material (1) is CONFIDENTIAL, as defined by Section 1.2, or SENSITIVE, as defined by Section 1.3; and (2) is not excluded from the scope of this Order by Section 2.3.

        3.1.2    The Disclosing Party's failure to designate Material as CONFIDENTIAL or SENSITIVE at the time of production or disclosure of the Material does not waive its right later to designate the Material as CONFIDENTIAL or SENSITIVE.  After any designation, each Receiving Party shall treat the designated Material as either CONFIDENTIAL or SENSITIVE and subject to the protections of this Order.

    3.2    <u>Methods of Designation</u>

        3.2.1    A Disclosing Party may designate Material as CONFIDENTIAL by placing or affixing on the Material the word "CONFIDENTIAL" and/or "SUBJECT TO PROTECTIVE ORDER" or a similar legend.  If a Disclosing Party chooses not to mark every page, the use of envelopes, binders, or containers to house the Materials which are marked CONFIDENTIAL is acceptable, as is the clear designation of groupings of documents.

        3.2.2    A Disclosing Party may designate Material as SENSITIVE by placing or affixing on the Material the word "SENSITIVE" and/or "SUBJECT TO PROTECTIVE ORDER" or a similar legend, including "ATTORNEY EYES ONLY."  If a Disclosing Party chooses not to mark every page, the use of envelopes, binders, or containers to house the Materials which are marked SENSITIVE is acceptable, as is the clear designation of groupings of documents.

       3.2.3    When CONFIDENTIAL or SENSITIVE Material is supplied or stored on an electromagnetic medium, the CONFIDENTIAL or SENSITIVE designation shall be made, to the extent physically possible, on the medium itself (such as on a label attached to a disk), on the sleeve, envelope, box, or other container or such medium.

4. DISCLOSURE, USE, AND HANDLING OF CONFIDENTIAL OR SENSITIVE MATERIAL

    4.1    Use and Handling of CONFIDENTIAL or SENSITIVE Material

        4.1.1    All extracts, summaries, or descriptions (collectively "copies") of Materials designated as CONFIDENTIAL or SENSITIVE, or any portion thereof, shall immediately be affixed with the word "CONFIDENTIAL," or "SENSITIVE" if such a word does not already appear.

        4.1.2    Material designated as CONFIDENTIAL or SENSITIVE shall not be posted on the Internet.

        4.1.3    Material designated CONFIDENTIAL or SENSITIVE does not lose protected status through an unauthorized disclosure, whether intentional or inadvertent, by a Receiving Party. If such a disclosure occurs, the parties shall take all steps reasonably required to assure the continued confidentiality of the Material.

        4.1.4    Material that is subject to a claim of attorney/client privilege or to work product protection by the disclosing party does not lose its protected status through disclosure to the receiving party and disclosure of such Material does not constitute a waiver of a claim of privilege by the disclosing party. If Material is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the Material of the claim and the basis for it. After being notified, a party must promptly return or sequester the specified Material and any copies it has and may not use or disclose the information until the question of its privileged or protected status is determined. If a receiving party challenges the privilege designation, the receiving party must sequester the Material and promptly present the Material to the court under seal for a determination of the asserted privilege claim. If the receiving party disclosed the information before being notified, it must take immediate and reasonable steps to retrieve it. The disclosing party must preserve the information until the claim is resolved.

        4.1.5    Any Material that is designated CONFIDENTIAL shall not be disclosed to any person or entity other than the following, and only after such person or entity has been advised of and is subject to the terms of this Order:

4.1.5.1 The parties, including in-house counsel, former officers, directors, partners, employees, or agents of a party required to provide assistance in the conduct of the litigation, or in related criminal actions;

4.1.5.2 Outside counsel of record for the parties in this litigation, except for Michael Adams (until an Amended Protective Order containing his signature has been entered by the Court);

4.1.5.3 Members of the legal, paralegal, secretarial or clerical staff of such counsel who are assisting in or responsible for working on this litigation;

4.1.5.4 Outside consultants, investigators or experts (collectively, "experts") of the parties;

4.1.5.5 Persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to the CONFIDENTIAL Material being disclosed, or who have been participants in a communication that is the subject of the CONFIDENTIAL Material and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel confirms that any such persons have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation.

4.1.6 Any Material that is designated SENSITIVE shall not be disclosed to any person or entity other than the following, and only after such person or entity has been advised of and is subject to the terms of this Order:

4.1.6.1 Outside counsel of record for the parties in this litigation, except for Michael Adams (until an Amended Protective Order containing his signature has been entered by the Court);

4.1.6.2 Members of the legal, paralegal, secretarial or clerical staff of such outside counsel who are assisting in or responsible for working on this litigation;

4.1.6.3 Experts of the parties;

4.1.6.4 Persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to the SENSITIVE Material being disclosed, or who have been participants in a communication that is the subject of the SENSITIVE Material and from whom

{JDS8301.DOC}

        verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel confirms that any such persons have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation; and

    4.1.7  Prior to disclosure of any CONFIDENTIAL or SENSITIVE Material to any expert employed by the parties or counsel for the parties to assist in the preparation and litigation of this matter, he or she must first be advised of and agree in writing to be bound by the provisions of this Order. Such written agreement may consist of his or her endorsement of a copy of this Order. Copies of such writings, except as to those persons whose identities need not be disclosed in discovery, shall be produced to other parties upon written request.

    4.1.8  No copies shall be made of Materials designated as CONFIDENTIAL or SENSITIVE.

5.   OTHER PROVISIONS

    5.1  Any third party producing Materials in this action may be included in this Order by endorsing a copy of this Order and delivering it to the Requesting Party, who, in turn, will serve it upon counsel for the other parties.

    5.2  This Order shall not prevent any party from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify this Order, subject to the approval of the Court.

    5.3  This Order shall not preclude any party from enforcing its rights against any other party, or any non-party, believed to be violating its rights under this Order.

    5.4  Except as provided for in this Order, nothing in this Order, nor any actions taken pursuant to this Order, shall be deemed to have the effect of an admission or waiver by any party.

    5.5  Upon entry of a settlement agreement or upon the written request of Disclosing Party, Receiving Party and each counsel of record shall immediately assemble and return to the counsel of record for Disclosing Party all Material in their possession and control, embodying information designated CONFIDENTIAL or SENSITIVE.

5.6    Nothing in this Order shall bar or otherwise restrict any attorney of record from rendering advice to his or her client with respect to this litigation and, in the course thereof, from referring to or relying in a general way upon his or her examination of any CONFIDENTIAL or SENSITIVE Material; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall make no disclosure of the contents or the source of any CONFIDENTIAL or SENSITIVE Material if such disclosure would be contrary to the terms of this Order.

6.    SANCTIONS FOR VIOLATIONS

Any person who discloses materials designated as CONFIDENTIAL or SENSITIVE contrary to the provisions of this Stipulated Protective Order shall be subject to contempt and, in addition to all other fines, penalties or sanctions, shall pay to the Designating Party $5,000 for each violation, whether intentional, unintentional, without fault or negligent. It is understood for these purposes that each disclosure of an individual document or piece of information constitutes a separate violation. For example, if five documents are disclosed on one occasion, five violations have occurred.

SO ORDERED this __10th__ day of __March_____, 2008.

BY THE COURT:



APPROVED AS TO FORM AND SUBSTANCE:

**STIPULATED AND AGREED:**

Dated this 3rd day of March 2008.

DESOUZA LAW OFFICES
a professional corporation


By: /s/ Jacqueline deSouza
Jacqueline DeSouza
Attorneys for Defendants
RWS Enterprises which will do business
  in California as Kiddie Kandids, Inc.


LAW OFFICE OF RANDALL CRAINE


By: /s/ Randall Crane
Randall Crane
Attorneys for Plaintiffs
Jacquelyn Harris, Lora Mote, and
Courtney Colianna

APPROVED AS TO FORM AND SUBSTANCE:

**STIPULATED AND AGREED:**

Dated this 3rd day of March 2008.

DESOUZA LAW OFFICES
a professional corporation


By: /s/ Jacqueline deSouza
Jacqueline DeSouza
Attorneys for Defendants
RWS Enterprises which will do business
  in California as Kiddie Kandids, Inc.


LAW OFFICE OF RANDALL CRAINE


By: /s/ Randall Crane
Randall Crane
Attorneys for Plaintiffs
Jacquelyn Harris, Lora Mote, and
Courtney Colianna

APPROVED AS TO FORM AND SUBSTANCE:

**STIPULATED AND AGREED:**

Dated this 20 day of May 2008.

Law Offices of Michael Adams


By: /s/ Michael Adams
Attorneys for Plaintiffs
Jacquelyn Harris, Lora Mote, and
Courtney Colianna

{JDS8301.DOC}8